No. 2157.—CHARLES CASE, Receiver of the First National Bank of New Orleans, *v.* A. MARCHAND et als.

The maker of a note in favor of a bank can not urge, as a defense to its payment, that the appointment of a receiver by the government, to liquidate its affairs, was not regular. It is sufficient for the maker to know that a receiver was appointed, who holds the note, and that he will be discharged by paying it.

A bank, by refusing to pay checks drawn upon it, does not incur a liability in favor of the payee. Therefore, the holder of checks on a bank can not, after payment has been refused, plead them in compensation against his note held by the bank or its receiver.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J.   *J. D. Rouse,* for plaintiff and appellee.   *G. Schmidt,* for defendant and appellant.

WYLY, J.   The defendant, Marchand, sued as the maker of a promissory note, has appealed from the judgment against him.

The defense is, that the preliminary proceedings, under the national bank act, were not complied with in appointing Case the receiver, and he can not sue as such. Also, before the receiver was appointed, to wit, on the sixteenth or seventeenth of May, 1867, this defendant tendered payment of the note sued on, and the same was refused.

It is no defense to the note for the maker to complain that the receiver, appointed by the government to liquidate the bank to whom the note was given, was not regularly appointed. It is enough for the maker of the note to know that Case was appointed receiver, and as such holds the note on which he is sued, and that he will be discharged by paying it.

In reference to the alleged tender of payment on the sixteenth or seventeenth of May, 1867, we will remark that the bank was not bound to receive it, because the note had not then matured.   The fact that the defendant presented checks or drafts on the bank, on the sixteenth or seventeenth of May, 1867, and was refused payment, is of no consequence.   The drawee incurs no obligation in favor of the payee by refusing to accept or pay the draft or check.

The defendant, as holder of checks which the bank refused to accept, can not compensate his debt due the bank therewith, because there are not two debts equally liquidated and demandable. C. C. 2205. The bank having refused to accept, was not the debtor of the defendant. See Casey, Receiver, v. Henderson et al., just decided.

The plaintiff has asked for damages for frivolous appeal, and we think he should have them.

It is therefore ordered that the judgment be affirmed, with costs. And it is further ordered that the plaintiff have judgment against the appellant for two hundred dollars, damages for frivolous appeal.

Rehearing refused.