(44 South. 284.)

No. 16,692.

PERKINS v. CRYSTAL ICE & POP MFG. CO., Limited.

(June 21, 1907.)

1. COURTS—SUPREME COURT—APPEAL—JURISDICTION.

The appeal from a judgment of the district court, declining to set aside and vacate the appointment of a receiver, lies to this court, and not to the Court of Appeal.

2. SAME—JURISDICTIONAL AMOUNT.

The amount of the assets, as shown by the inventory and appraisement, is the test of jurisdiction.

(Syllabus by the Court.)

Case Certified from Court of Appeal, Parish of Orleans.

Action by Robert J. Perkins against the Crystal Ice & Pop Manufacturing Company, Limited. Rule to show cause why order appointing receiver should not be vacated, dismissed, and the movers appeal to the Court of Appeal, which certified the question to the Supreme Court. Question answered.

BREAUX, C. J. The question presented is one of jurisdiction.

Our learned brothers of the Court of Appeal have favored us with a statement of the case, which relieves us from the necessity of preparing a statement ourselves.

We are informed by this statement that on the application of Perkins, a creditor of the defendant company, the district court appointed a receiver to take charge of the corporation, the corporation's property, and credits. That under the order of the court the receiver made an inventory and appraisement of the assets, which showed a total of more than $11,000; that shortly thereafter Madler Altemus & Co., also creditors of the defendant corporation, took a rule on Perkins and the receiver to show cause why the order appointing the receiver should not be vacated and set aside. That this rule was dismissed, and the movers have appealed.

Our brothers state that they are confronted with the question of their jurisdiction ratione materiæ. That on the one side it is urged that in the case of In re Moss Cigar Co., 50 La. Ann. 793, 23 South. 544, this court held:

"That the question of jurisdiction is determined by the amount of the creditors' claim, on which the right of action is suspended, rather than by the amounts of the assets, as shown by the schedule."

That, on the other hand, it is urged that the effect of the decree rendered by them would be to remove from the custody of the court property exceeding $2,000 in value, being administered by its officers, under its eye, in the interest of all the creditors of the corporation, and establish the rule that a

creditor in the sum of $100 could, through a court of limited jurisdiction, disturb the status of property worth millions of dollars. That the further result would follow, if the creditor's claim should happen to be for a sum less than the lower limit of their jurisdiction, in appeals from the district court, receiver, corporation, and creditor alike would be deprived of appellate relief, whatever might be the decision below, and however large the assets. That Act No. 159, p. 312, of 1898, entitled "An act to authorize and regulate the practice of appointing receivers of corporations, under article 109 and article 133 of the Constitution of 1898," provides that:

"The value of the property confided to the receiver can determine the jurisdiction of the appellate court in appeals in matters of the appointment or the vacating and appointing a receiver."

The court states that this is not suggested as controlling in matter of jurisdiction, but only as a legislative interpretation.

The court adds that it is its view that it is not vested with jurisdiction in the premises, but that it deemed it proper to submit the proposition to this court.

The question propounded is: Where a creditor of a corporation, whose claim is less than $2,000, appeals from a judgment refusing to vacate the appointment of a receiver to the corporation, the assets of which are scheduled at more than $2,000, which court has jurisdiction, the Supreme Court or the Court of Appeal?

Ruling: The claim of the creditor who was appointed receiver is not at issue. If it were, it would unavoidably fall within the jurisdiction of the Court of Appeal, in so far as his interest goes.

We have seen that the assets of the corporation are over $2,000. All issues relating to that amount come within the jurisdiction of this court.

The matter of vacating and setting aside the appointment of the receiver does not relate to the amount of his claim as a creditor, but relates exclusively to the assets, the amount of which brings the case within this court's jurisdiction.

It is trite as an utterance that the amount in contestation determines the jurisdiction.

The question relates to the administration, the control, and distribution of the fund, all of which, as relates to the total stated, are within this court's jurisdiction.

If the receiver were to continue, he would administer and distribute the whole amount for the benefit of all the creditors.

If any or part of the creditors have the right to question his appointment to have it vacated, it is a matter which affects the whole fund. One, in the nature of things, is inseparable from the other.

The case of In re Cigar Co., Limited, 50 La. Ann. 792, 23 South. 544, did not receive the approval of all the judges of the court. This court in that case exercised jurisdiction on the ground that the claim of the appellant exceeded $2,000, although the assets out of which the claim was to be paid was less. We are of the opinion, as before expressed, that the latter should be the test. The opinion cited should be, and it is, on this point, overruled.

Our answer to the question of our learned brothers is: The Supreme Court has jurisdiction, and not the Court of Appeal.