April 18, 1910.

No. 4998.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF STEPHEN CAIN.

J. P. Flynn for appellant.

Denegre & Blair and Chaffe for appellee.

ST. PAUL, J.—This succession was opened in the month of October, 1906, and the widow of the deceased qualified as administratrix. An inventory was taken, according to which the property of the succession consisted of two pieces of real estate appraised respectively at $1,200 and $2,700, furniture appraised at $230 and the

contents of a barroom appraised at $257.00, the total appraisement being $4387.00.

No further proceedings were had until September, 1909, when the administratrix filed a "final account." In this account she puts down as "receipts" the items of the inventory (less the barroom) at their appraised value, to-wit: furniture, $230; real estate, $3,900; total, $4,130.

This is followed by "disbursements" aggregating $2816.65 leaving "balance to credit of estate" $1313.39.

Taken in connection with the state of the record it would seem that the "receipts" consisted of all the items of the inventory remaining in kind, taken at their appraised value. The "disbursements" apparently represent liabilities of the succession either paid or to be paid.

The account was opposed by one claiming to be a creditor of the succession and asking to be placed on the account for the sum of $97.18. There was judgment in favor of the opponent, and the administratrix appeals.

We do not see how this matter comes within our jurisdiction. If in view of the absolute solvency of the estate we consider the opposition merely as a claim urged against the succession by way of opposition to the account, instead of by direct action, then "the matter in dispute" being the amount claimed by opponent is only $97.18, and is below our jurisdiction.

If, on the other hand, we are to be guided by the amount of "the fund to be distributed" we are still without jurisdiction, whether the term "fund to be distributed" means money actually on hand and ready for distribution, or the sum total of all the assets taken charge of and which must eventually be accounted for and distributed, as would seem more likely. (See **Perkins vs. Crystal Ice Co., 119 La. 519**).

In one case the administratrix has no fund at all to be distributed, in the other the fund exceeds $2000.00. In

either case this Court has no jurisdiction, for the sum to be distributed is either less than $100.00 or more than $2,000.00. The appeal must, therefore, be dismissed or transferred. But as it is doubtful whether any appellate court has jurisdiction, as the amount is small, and as, after hearing argument on the merits, we think there is no merit in the appeal; we think that there is no reason to compel the parties to go to the expense of a transcript for the Supreme Court and hence, in the exercise of our discretion, we will simply dismiss the appeal instead of transferring it.

Appeal dismissed.

April 18, 1910.

Rehearing refused May 2, 1910.