May 15, 1911.

———o———

## 5325.

(Court of Appeal, Parish of Orleans).

### SUCCESSION OF MRS. JOSEPH WAECHTER.

#### On Motion to Dismiss.

Where an account is opposed the test of jurisdiction on appeal is the amount *"in gremio legis"* and still remaining for distribution.

Appeal from the Civil District Court, Division "A."

Frank McGloin, for appellant.

Edgar M. Cahn, for appellee.

ST. PAUL, J.—The assets of this estate amount to upwards of $9,000, practically all of which are still in the hands of the executor and held by him for ultimate distribution.

He filed a provisional account, showing that the debts and legacies, which he proposed to pay, amount to over $6,000.

The account was opposed as a whole, but on the trial, opposition was withdrawn to all but some seven items, amounting in the aggregate to $2,046.38, some of said items being "subject to a credit to be ascertained and adjusted" upon the sale of certain property.

As the evidence shows, and it is not disputed, that these credits would exceed, in any event, the sum of $500 the amount in dispute may be said to be less than $2,000.

But in our opinion that is not the test of jurisdiction in an appeal like this, but the value of the property "still in gremio legis, that is to say, the inventory" (Perkins vs. Crystal Ice Co., 119 La. 519); At least until the assets be so reduced that the amount still remaining for distribution falls to $2,000 or less.

In re Petit & Boh, 128 La. (54 So. Rep.) 705.

We are, therefore, without jurisdiction and the appeal will be transferred in accordance with the provisions of Act 56 of 1904.

It is, therefore, ordered that upon the appellants or their attorney taking oath, on or before the 15th day after the rendition hereof, that the appeal was not taken for delay, this appeal be, thereupon, transferred to the Honorable the Supreme Court of Louisiana, provided the transcript be lodged in said court on or before the first day of August, 1911; otherwise and in case said oath be not taken, or said transcript be not filed, as herein provided, then and in that case, this appeal to stand as dismissed.

May 29, 1911.

Rehearing refused, June 14, 1911.