———o———

## No. 6981.

## BLATZ ANTICICH v. JOHN MIHALJEVICH.

### Syllabus.

Where the assets to be administered upon by a Receiver or Liquidator exceed $2000 in value, an appeal from a judgment appointing such Receiver or Liquidator will lie to the Supreme Court and not to the Court of Appeal.

Appeal from the Twenty-ninth Judicial District Court, Parish of St. Bernard; No. 2069; Honorable Robert E. Hingle, Judge. Appeal transferred.

John Dymond, Jr., & A. Griffen Levy, for plaintiff and appellee.

M. E. Schaefer & Oliver S. Livaudais, for defendant and appellant.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an appeal from a judgment appointing a Receiver or Liquidator, to collect the assets of a dissolved partnership and distribute the proceeds among the former partners.

The petition (duly sworn to) alleges that those assets amount to $8745.97, and there is in the record a document signed by both plaintiff and defendant in the Slavonian tongue (a translation whereof is annexed to the petition) showing that said sum correctly represents the assets of the defunct partnership yet to be accounted for.

This Court is therefore clearly without jurisdiction of this appeal, which should be taken to the Supreme Court. *Jaco v. Jaco*, 8th *Court of Appeal*, 97; *Perkins v. Crystal Ice Co.*, 119 *La.*, 519.

It is therefore ordered that this appeal be transferred to the Supreme Court of Louisiana upon appellant or his attorney of record making out and filing his affidavit that the appeal was not taken for delay and lodging a transcript of appeal in the Supreme Court within thirty days after this judgment becomes final.

Appeal transferred.

Opinion and decree, March 19th, 1917.