In the Matter of the Louisiana Savings' Bank.

## Nos. 7760, 7894, 8070.

## IN THE MATTER OF THE LOUISIANA SAVINGS' BANK AND SAFE DEPOSIT COMPANY.

The charter of a corporation can only be forfeited at the instance of the State.

Courts of this State are not without jurisdiction *ratione materiæ* over the subject matter of appointing receivers to corporations; but they should exercise such jurisdiction only in proper cases.

In a case where the charter of a corporation vests the liquidation in the stockholders through commissioners elected by them, and where the stockholders consent to the appointment of receivers by the court, at the suit of creditors praying therefor, the judgment of the court appointing such receivers will not be disturbed on the appeal of creditors.

Where a court has appointed a person as receiver, who absents himself and fails to file the bond required under order of the court, it lies within the discretion of the court to remove him and appoint another in his stead.

APPEAL from the Fifth District Court for the Parish of Orleans. *Rogers, J.*

*Blanc & Butler* for John Crossley & Sons, Appellants :

1. The charter of a corporation can only be forfeited at the instance of the State. 18 An. 677; 3 An. 954; 31 An. 836.
2. Under the law of Louisiana a corporation has no right to make a voluntary cession of its assets. 5 Rob. 63; 15 An. 19; 18 An. 685; 31 An. 836.
3. When the law provides a method for the liquidation of a corporation, none other can be resorted to; and where the charter provides for liquidators to be chosen by the stockholders, the courts of the State have no right to interfere in the liquidation. 4 Rob. 517; 11 Rob. 418; 30 An. 161; 34 An. 754.
4. In the power to appoint there is an implied power to fill a vacancy. 9 An. 40.
5. The Louisiana courts cannot remove a liquidating commissioner, chosen by the stockholders in conformity to the statute. The power of removal vests solely in the stockholders. High on Receivers, Secs. 288-290; 30 An. 161.
6. Officers of a corporation have no right to waive citation and usual delays, and confess judgment in proceedings which threaten to destroy the life of the corporation. 31 An. 836.

*James D. Coleman; Kennard, Howe & Prentiss; Braughn, Buck & Dinkelspiel,* and *Miller, Finney & Miller* for E. Conery & Son and others, Appellants.

*Rouse & Grant* for the Third National Bank of St. Louis, Appellant.

*W. S. Benedict* and *Chas. S. Rice* for the Commissioners, Appellees.

The opinion of the Court was delivered by

FENNER, J. The records inform us that at a meeting of the Board of Directors of the Louisiana Savings' Bank and Safe Deposit Company, held in June, 1879, the president, Edward C. Palmer, informed the Board of certain matters affecting the Bank, which induced him to recommend that immediate steps should be taken to put the corporation into liquidation, and upon his suggestion the Board passed a resolution

to the above effect and to call a meeting of depositors to recommend the names of three commissioners of liquidation, to be voted for by the stockholders, under the provision of the charter.

The meeting of depositors was accordingly held, attended by a large number, at which the president made a lengthy statement of the circumstances which rendered a liquidation necessary, and " after considerable discussion and the presentation of many suggestions of *how to avoid complications of court proceedings,* etc.," a resolution was unanimously adopted by the meeting requesting the stockholders of the Bank, in accordance with Section 8 of the charter, to appoint Messrs. Theobald Forstall, W. C. Raymond and E. C. Palmer, as commissioners to liquidate the affairs of the Bank, and *"if necessary, to have the appointments ratified and confirmed by any court of competent jurisdiction."*

Thereafter, a meeting of stockholders was held, representing 3,100 shares of stock, who elected as commissioners the three gentlemen above named, and passed a resolution " that it is the opinion of the stockholders that in order to secure a speedy and economical liquidation and distribution of the assets, the commissioners this day elected *be confirmed by the court, and that such steps be taken by the present officers of the corporation as are necessary to effect that purpose."*

In evident execution of this resolution the following " steps " were determined on and taken " to effect the purpose."

A petition in the name of sundry depositors was presented to the Fifth District Court, representing that the corporation had suspended payments with the intention of going into liquidation ; that the depositors had recommended to the stockholders the appointment of Forstall, Raymond and Palmer, as commissioners; that it was believed to be the unanimous wish of the depositors and stockholders that the liquidation should be had through said parties as commissioners ; that it was to the interest of all creditors and stockholders that a fair and economical liquidation should be had ; and that it was within the equity powers of the court to appoint commissioners or receivers, or to confirm the recommendations made as aforesaid.

The petition concluded with a prayer that the court would appoint said Forstall, Raymond and Palmer, commissioners or receivers, with authority as such, to liquidate, etc.

To this petition answer was filed in the name of the Bank, appearing by its president, Edward C. Palmer, wherein the allegations of the petition were admitted and the proceedings of the stockholders were set forth, and it was stated to be their wish, as expressed in their resolution, a copy of which was annexed, that the parties named should be " appointed as commissioners or receivers, or their said election confirmed by the court, as prayed for in said petition."

On these pleadings the court entered judgment decreeing that the charter of the corporation be declared forfeited ; that its affairs be proceeded with by liquidation; that Forstall, Raymond and Palmer be appointed as commissioners and confirmed as such, on taking oath as required by law ; that an inventory be taken and that the amount of bonds to be given by said commissioners be fixed when the inventory shall be taken and filed.

In pursuance of this judgment all three of the commissioners appeared forthwith and took the oath required thereby.

An inventory was taken and filed.

An order appears to have been made, though not found in the record, fixing the amount of bond to be given by the commissioners, which was furnished by Forstall and Raymond, but not by Palmer. Important steps were taken in the liquidation; large collections were made ; privileged debts were audited and paid; a provisional account was filed and homologated after due advertisement; other acts of liquidation were performed. Palmer, having absented himself from the State for a long period without leave, and without authorizing any one by power of attorney to represent him, and having failed to furnish bond as required, proceedings were taken to destitute him, and on the 31st of October, 1879, the court, reciting the foregoing facts, entered judgment removing him and appointing in his place Andrew Hero, who duly qualified and has since acted as commissioner.

During all this period, notwithstanding the evident publicity of the proceedings, it does not appear that any creditor or stockholder ever objected to the action of the court, or to the mode of liquidation, or to the authority of the commissioners.

The records now before us present four appeals, viz :

1.   One taken January 10th, 1880, by J. H. Keller, E. Conery and E. Conery & Son, creditors of the corporation, from the judgment of July 1st, 1879, forfeiting the charter and appointing the commissioners, and also from the judgment of October 21st, 1879, destituting Palmer and appointing Hero.

2.   One taken January 16th, 1880, by E. C. Palmer, from the last named judgment only.

3.   One taken March 23d, 1880, by John Crossley & Sons, creditors, from both judgments.

4.   One taken June    1880, by the Third National Bank of St. Louis, a creditor, from the first judgment only.

We will consider the various questions involved in the order following :

I.

So far as that part of the judgment of July 1st, which decrees for-

feiture of the charter, is concerned, it must clearly be reversed, for two reasons :

1st.    It is *ultra petitionem*.    Morgan vs. McGowan, 4 M. 289 ; Barckley vs. Evans, 2 N. S. 241 ; Saniet vs. Sainet, 8 N. S. 469 ; Lobdell vs. Bank, 8 An. 117 ; Tanner vs. King, 10 An. 485.

2d.    The charter of a corporation can only be forfeited at the instance of the State.    State ex rel. Lannes vs. Attorney General, 30 An. 954 ; Riggin vs. Union Bank, 18 An. 677 ; State vs. Citizens' Bank, 31 An. 836 ; 31 An. 631.

## II.

It is claimed that the judgment of July 1st is absolutely null, by reason of the want of jurisdiction of courts of this State to appoint receivers or commissioners for the liquidation of corporations.

When, in the case of Baker vs. Portable Company, 34 An. 754, we laid down the general rule that " courts have no jurisdiction to appoint receivers for corporations in absence of express statutory authority," the word *jurisdiction* was, perhaps, inaccurately used.

The exception which we maintained in that case was not one to the jurisdiction of the court, but one of no cause of action.

Certainly we did not mean to impute to the courts such defect of jurisdiction *ratione materiæ* as could not be supplied by consent and as would render their judgments in the premises absolute nullities. We rather meant to lay down a rule of judicial action than a canon of jurisdiction—a limitation of judicial right rather than of judicial power. That rule is founded upon the respect and protection due to the rights of a corporation in common with those of other persons.    As we said in that case:  " A corporation is a person, whose possession and control of its own property and affairs must be respected like the similar rights of individual persons.    They cannot be interfered with in preliminary proceedings and in advance of judgment, except in cases specially provided by law and on strict compliance with the requirements thereof."

The immunity from such interference is evidently personal, and capable of being waived by proper and valid consent, in the case of corporations, as in the case of individuals.

The principles recognized in the following cases, *in pari materiâ*, are fully applicable :   Frazier vs. Wilcox, 4 Rob. 517 ; United States vs. Bank, 11 Rob. 418 ; Martin vs. Blanchin, 16 An. 237.

The jurisdiction of the courts over the subject matter of appointing receivers to corporations, and their power to make such appointments in proper cases, have been frequently recognized.    Stark vs. Burke, 5 An. 740 ; N. O. Gaslight Co. vs. Bennett, 6 An. 456 ; Brown vs. Union, 3 An. 182 ; Fallett vs. Field, 30 An. 162.

It is clear, therefore, that the judgment appealed from is not an absolute nullity for want of jurisdiction, and the question left for our determination is whether there was *error* in the judgments appealed from.

### III.

Under the charter of this corporation the right of appointing commissioners for its liquidation is vested in the stockholders.

If the action of the court rested upon the consent merely of the officers or Board of Directors of the corporation, we should question the sufficiency of such a consent to sustain the first judgment, because such officers and directors would have no power to deprive the stockholders of the right so vested in them.

But it is to be observed that in filing the answer herein the president acted, not in his simple official capacity, but as the direct and special mandatory of the stockholders. In the resolution adopted by them advising the confirmation by the court of the commissioners elected, it was expressly directed that "such steps should be taken by the present officers of the corporation as are necessary to effect that purpose."

Evidently the filing of the answer was a compliance with that request or direction.

The aspersions thrown in some of the briefs upon the validity of the action of the stockholders' meeting, by reason of the insufficiency of the notices given and of absence of evidence as to the proportion of stock represented and as to the authority of agents who voted for the owners of some of the stock, are entitled to no consideration. The only effect would be to question the binding effect of the action of the meeting upon absent stockholders. But no stockholder is before us complaining in that capacity of the action of the meeting. The appeals are taken by creditors alone.

Does the action of the court conform to the consent and wish of the stockholders as expressed in their resolutions?

We are satisfied that it does.

The object was to place the liquidation under the control of a single court, before which all claims should be urged and all suits brought, thus avoiding harrassing litigation before different tribunals. The mere confirmation by a court of commissioners, whose authority was perfect and needed none, would have been superfluous and absurd. The obvious purpose was that the court should make these persons its own officers, to liquidate the corporation as such and subject to its exclusive orders and control, and thus to vest the liquidation in the court. Such was the interpretation adopted by the officers who were

instructed to carry the resolution into effect, and its correctness is attested by the fact that no stockholder has ever complained of the action of the court.

We hold, therefore, that the court acted with authority and committed no error in appointing receivers to this corporation, on petition of creditors and upon consent thereto of the stockholders, in whom was vested the right of appointing commissioners of liquidation.

## IV.

So far as the judgment destituting Palmer and appointing Hero in his stead is concerned, we find no error therein.

The effect of the first judgment of the court was to make the receivers appointed from that date officers of the court, and to invest the entire control of the liquidation thenceforward in the court.

The conduct of Palmer, in absenting himself without leave and without giving power of attorney to any one to act for him, and his failure to give bond as required by order of court, were just grounds for his removal, and the very statement of them answers the objection made to absence of notice to him.

Equally clear was the power of the court to appoint a new receiver. High on Receivers, Secs. 821, 825.

There was no necessity to consult the stockholders in the premises, they having, as we hold, abdicated their functions in that regard in favor of the court.

This case differs *toto cœlo* from that of State vs. Citizens' Bank, 31 An. 836.

In conclusion, we would say that the interests of the appellant creditors can suffer no harm from our decree. The fears expressed in their petitions of injuries resulting from the doings and acts of the receivers, as persons acting without lawful authority, will now be set at rest. There is no reason why all their rights should not be as effectually protected under the liquidation now in progress as in any other mode.

On the other hand, great confusion and damage to the interests of all might have resulted from a decree destroying the authority under which this liquidation has been so long conducted.

It is, therefore, ordered, adjudged and decreed, that such portion of the judgment of July 1st, 1879, as decrees the forfeiture of the charter of the Louisiana Savings' Bank and Safe Deposit Company be annulled, avoided and reversed, and that in all other respects the two judgments appealed from be affirmed, costs of appeals to be paid by the appellees, except as to the appeal of E. C. Palmer, the costs whereof are to be paid by him.