No. 8958.

JAMES M. WEYMOUTH, RECEIVER, ETC., VS. MRS. MARY ROSELIUS, WIFE OF GODEFROY BOUNY.

The appointment of a receiver to a corporation by one of the district courts for the Parish of Orleans, when it appears that the matter of the liquidation of that very corporation was pending in another and different court for the same parish, is the act of a court without jurisdiction over the subject-matter, and is therefore absolutely null and void.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

---

T. A. Bartlette and D. S. Bryon for Plaintiff and Appellant.

Henry C. Miller and Leovy & Kruttschnitt for Defendant and Appellee.

---

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff brings this suit in his alleged capacity of Receiver of the New Orleans Draining Company, against the legal representative of the succession of Christian Roselius, formerly the receiver of said company, for an account of the moneys alleged to have been received by him in his aforesaid capacity and unaccounted for, or in default, for judgment against him in the sum of $45,609 66.

By way of exception and answer, the defence urged numerous grounds in bar of plaintiff's action, the most prominent of which was an exception to his capacity, based on the ground of the absolute want of jurisdiction in the court whence he had received his appointment.

This appeal is brought up by plaintiff from a judgment ordering the defendant to render an account of all moneys received and expended by Christian Roselius as receiver of the company aforesaid, from and after the filing of his last account, which had been presented in January 1860, and rejecting the demand in all other respects. Plaintiff is not satisfied and hence he appeals. And defendant, moving for an amendment, prays for the rejection of the entire demand.

The record shows that the liquidation of the New Orleans Draining Company was begun in May 1856, at the instance of the city of New Orleans, as a stockholder, in the then Third District Court of New Orleans, and that Christian Roselius, who was at that time appointed receiver of the concern, continued in the exercise of his functions until his death in September, 1873.

It then appears that on his petition addressed to the Third District Court for the Parish of Orleans, in September 1877, "In the matter of the New Orleans Draining Company," Plaintiff Weymouth was appointed receiver of said company.

The point raised by the defendant in the exception to plaintiff's capacity is, that the court which entertained his application for appointment as receiver had not then, and never had had, jurisdiction over the matter of the liquidation of the New Orleans Draining Company, which was originally entitled: "In the matter of the New Orleans Draining Company, praying for the homologation of the assessments, etc. No. 5108 on the docket of the Third District Court of New Orleans."

The point is well taken and it must be sustained.

Under the provisions of Act No. 46 of 1868, all cases pending in the Third District Court of New Orleans created under the Constitution of 1864, except appeals from justices of the peace, were transferred to the Seventh District Court for the Parish of Orleans, created under the Constitution of 1868. Hence, the last mentioned court thus became vested with the exclusive jurisdiction of the matter of the New Orleans Draining Company, etc.

Now, under the effect of Act No. 2 of the extra session of the Legislature of 1872, the exclusive jurisdiction over this matter was vested in the Fourth District Court for the Parish of Orleans, where it was pend-

ing at the time that plaintiff presented his application to the Third District Court for the Parish of Orleans, created under the Constitution of 1868. It follows, therefore, that the latter tribunal was absolutely without jurisdiction over the matter in question, and that all its acts in the premises were absolutely null and void—just as void as would be the appointment by one of the divisions of the present Civil District Court for the Parish of Orleans of an administrator or executor to a succession which had been allotted to, and was actually pending in, another and different division.

It is, therefore, clear that plaintiff has no capacity to stand in judgment as receiver "in the matter of the New Orleans Draining Company," and that his receipt to the defendant would not shield her against an action by a receiver legally and duly appointed for said concern.

The judgment appealed from is, therefore, reversed and set aside. It is now ordered that the exception of want of capacity of plaintiff to represent the New Orleans Draining Company as receiver be maintained, and that his suit be dismissed at his costs in both courts.

Rehearing refused.