No. 12,881.

In re Liquidation of Grant & Jung Furniture Company, Limited. On Rule Taken by The National Furniture Company and the Jasper Furniture Company, Creditors, to Set Aside Order Appointing Liquidators, Etc.

### Syllabus.

1. On the showing made, it is held that the Civil District Court could legally order the liquidation of the dissolved corporation, and, to this end, appoint

liquidators, and further as incidental to the liquidation, it had authority to enter a restraining order staying proceedings against the corporation and. its property.

2. The principal and essential action on part of the court was to order the liquidation. The particular form of words used is of no consequence. When the matter was brought into court and the judge concluded on the showing made that the liquidation ought to be ordered and acted accordingly, a proceeding at once became pending for the liquidation of the affairs of the corporation, and, in aid of these proceedings, the court could appoint liquidators and stay proceedings independently by the creditors.

NICHOLLS, C. J., dissents.

A PPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Saunders & Miller* for National Furniture Co., and *Ernest T. Florance* for Jasper Furniture Co., Plaintiffs in Rule, Appellants.

*Parkerson & Tobin* for Liquidators, defendants in rule, Appellees.

*Howe, Spencer & Cocke* for Lessor, Appellee.

Argued and submitted April 5, 1899.
Opinion handed down May 15, 1899.
Rehearing refused (NICHOLLS, C. J., dissenting, for reasons assigned), June 12, 1899.

The opinion of the court was delivered by

BLANCHARD, J. In 1893, the Grant & Jung Furniture Company, Limited, was incorporated under the limited liability law. Acts of Louisiana, 1888, No. 36.

Its charter provided that the corporation might be dissolved at any time by the vote of three-fourths of the stock, at a meeting of stockholders held after thirty days' written notice; and, further, that whenever it was so dissolved, its affairs should be liquidated under the supervision of two stockholders, appointed by the stockholders, with the assent of a majority in amount of the capital stock.

In January, 1898, at a general meeting of the stockholders, convened in accordance with the terms of the charter, for the purpose of considering the question of the dissolution and liquidation of the corporation, all the stockholders being present, a resolution of dissolution and liquidation was unanimously adopted, and Peter Jung and John

G. Grant, stockholders, were, in accordance with the provisions of the charter, appointed to conduct the liquidation.

Following this, the said Jung and Grant filed a petition in the Civil District Court, setting forth the above facts, averring the corporation to be heavily involved in debt and the likelihood of the institution of many suits by creditors, and prayed the court, in the exercise of its equity jurisdiction, to take charge of the liquidation of the affairs of the corporation, to recognize and confirm them as liquidating commissioners, and permit them to conduct the liquidation under the orders and the protection of the court, and in accordance with the terms of the charter.

It was averred that this was necessary in order to prevent waste of the assets and to insure a fair and equal distribution among the creditors.

It was further prayed that an inventory of the property and effects of the company be taken and an appraisement made, and that pending liquidation, proceedings against the company be stayed.

Upon this, the court entered an order recognizing and confirming said Jung and Grant as liquidating commissioners, directing them to give bond in the sum of five thousand dollars each, and to take the oath of office as liquidators.

The bond was given, the oath taken, and letters of authority issued, directing them to conduct the liquidation under the orders of the court and pursuant to the terms of the charter.

An inventory was authorized and taken and an appraisement made, and all proceedings against the company were directed to be stayed pending the liquidation.

The liquidation was proceeded with, the stock of furniture was sold out at private sale as rapidly as possible, and a remnant thereof, with other movables, disposed of at public auction by order of the court. The proceeds of these sales were directed by the court to be deposited in the State National Bank and the same were so deposited.

On March 23, 1898, certain creditors took a rule to vacate and set aside the appointment of liquidators, as well as the restraining order, on the ground that such proceedings were without warrant of law and prejudicial to the complaining creditors.

There was judgment rejecting this demand and dismissing the rule. In his reason for judgment, the judge a quo stated the appointment

of liquidators had been made in aid of proceedings pending before the court for the liquidation of the affairs of the corporation and rendered necessary for the preservation of the interests of all concerned.

No appeal was taken from this judgment.

Later, certain other creditors, to-wit: the Jasper Furniture Company and the National Furniture Company, took a rule to show cause why the appointment of liquidators should not be annulled. They averred that they had obtained judgments against the Grant & Jung Furniture Company, Limited, in the U. S. Circuit Court for the Eastern District of Louisiana, that executions had issued thereon, and under the same the U. S. Marshall had levied upon and seized, under garnishment process, the funds of said Grant & Jung Furniture Company in the hands of the State National Bank; that thereupon the liquidators had appeared in the Federal Court and moved to quash and set aside said seizure; and that, acting upon said motion, the Federal Court had entered an order referring the seizing creditors to the State Court, seized of the liquidation proceedings, there to test the validity and binding effect of the seizure made in the Federal Court, etc.

The further allegation was made that the order appointing liquidators herein and restraining legal proceedings against the Grant & Jung Furniture Company was without warrant or authority in law, in so far as the rights of the movers were affected thereby, and that the same operated to their detriment.

They averred a privilege upon the funds and assets in the hands of the State National Bank by virtue of their seizure thereof as aforesaid.

By a statement of facts filed on the trial of this rule the foregoing averments are shown to be true, and further that the ordinary creditors of the Grant & Jung Furniture Company, of which class plaintiffs in rule are, would not obtain in the liquidation proceedings over 25% of their respective claims. It was further admitted that the liquidators had collected from the assets of the Furniture Company between $30,000 and $35,000, and the same had been deposited to their credit in the State National Bank.

The proceedings in the Federal Court showed that the State Court through its officers had possession and control of the property and assets of the Grant & Jung Co. which had been dissolved, and that the funds seized in the State National Bank were, at the time of the

seizure, deposited there, under the order of the State Court, in the name of Peter Jung and John G. Grant, liquidators.

On this showing the Federal Court quashed the writ of *fieri facias* and set aside the seizure thereunder in so far as the same might interfere with the orders of the State Court, and referred the matter in contestation to the latter court.

The order stated its intention to be, first, to declare that all the property or moneys pertaining to the Grant & Jung Co., in the hands of the liquidators appointed by the State Court, are held to be exclusively under its (the State Court's) control and subject only to its orders; and, second, to preserve whatever rights, if any, may have resulted in favor of the seizing creditors, by virtue of their seizure aforesaid, should the State Court thereafter take action setting aside the liquidation proceedings.

It was under these circumstances that the seizing creditors appeared in the State Court and took the rule to vacate, now under consideration, and from a judgment rejecting and dismissing the same, they prosecute this appeal.

The question presented is: Could the Civil District Court, on the showing made, legally order the liquidation of the affairs of the Grant and Jung Furniture Company, Limited, and, to this end, appoint Peter Jung and John G. Grant as liquidators, and, further, and as incidental to this liquidation, did it have the authority to enter the restraining order staying judicial proceedings against the corporation and its property?

While, in the application for liquidation, it is stated it was believed the assets of the corporation would be sufficient to satisfy the creditors, subsequent developments demonstrated the insolvency of the concern.

Here was a corporation whose charter gave its stockholders the power to dissolve it at any time they might so determine.

No question is raised as to the validity of the act of incorporation, nor that the company was not a duly incorporated, limited liability corporation under the laws of the State.

Its stockholders voted to dissolve and liquidate, and did what the charter further empowered them to do, named two stockholders as liquidators.

Here, then, was a dissolved and insolvent corporation, whose affairs were in the hands of persons named in pursuance of the charter under which it held itself out to the world and did business.

Liquidation of Grant & Jung Furniture Co., Ltd.

Unable, themselves, under their limited powers and liability to interference, to proceed unmolested with the liquidation, to the end of obtaining the best results and realizing the most possible for the creditors out of the assets of the defunct concern—the common pledge of all the creditors—these stockholders, so named as liquidators, brought the matter to the attention of the court, and prayed it to take charge of the liquidation and settlement of the affairs of the dissolved corporation.

The parties named as liquidators by the stockholders' meeting were in possession without bond—not even under the restraint and sanction of an oath of office.

The court made an order assuming charge of the liquidation. It did this when it recognized and confirmed Peter Jung and John G. Grant as liquidators. It did this when it directed them to give bond, to take an oath, and to have issued to them the court's letters of authority. It did this when it directed the disposition and sale of the effects of the corporation, and the deposit of funds realized in a given bank.

The principal and essential action on part of the court was to order the liquidation. The particular forms of words used in this regard is of no consequence. When the matter was brought into court and the judge concluded on the showing made that the liquidation ought to be ordered, and acted accordingly, a *proceeding* at once became pending for the liquidation of the affairs of the corporation, and in aid of these proceedings the court could and did appoint liquidators, deeming this step necessary for the interest of all concerned. The facts presented and the exigencies of the case justified its action.

The case is thus within the rule laid down *In re* Moss Cigar Co., Limited, 50 La. Ann. 789, 23 So. Rep. 544. See also *In re* La. Savings Bank, 35 La. Ann. 199, and Remington Paper Co. vs. Watson, 49 La. Ann. 1297.

The Moss Cigar case *supra,* cited by both sides, was lost to the applicant for appointment of receiver on facts appearing and on a showing made essentially different from those of the instant case.

In that case there was no dissolution of the corporation, no action taken by its stockholders, nor even by its directors, seeking the liquidation of the affairs of the corporation pursuant to authorization of its charter. There had been no meeting held of its stockholders nor directors to formally authorize dissolution and liquidation proceedings.

There had been no attempt at liquidation, nor had its officers been properly authorized to apply to the courts for its action. The corporation was a going concern, when its president, in the name of the ·company, applied for the appointment of a receiver.

In the instant case, the corporation had been formally dissolved and proceedings taken as directed by the charter for liquidation. The liquidators named by the stockholders, finding themselves unable, ·without the aid of the. court, to execute the trust, carried the liquidation proceedings into the court, and this action of theirs as liquidators, not as officers of the corporation, nor in the name of the corporation, which no longer existed, gave to the application the status of a proceeding pending before the court for the liquidation and settlement of the affairs of the defunct corporation, and in aid. of the same, to effectuate it and to conserve and protect equally the rights of all, it became necessary to appoint liquidators, invest them with the power and surround them with the protection of the court as officers of the same, and to direct by the restraining order that they be not interfered with.

We think a proper case was presented for the exercise of the equitable jurisdiction of the Court *a qua* and its action is sustained.

It follows that the judgment appealed from, dismissing the rule of complainant creditors, is found to be correct and, accordingly, the same, with costs, is affirmed.