Statement of the Case.
MONROE, C. J.
Relator brought a suit, which was numbered 118832, in the civil district court on a promissory note, made by the Southern Publishing Company, Incorporated, to its own order and by it indorsed and also indorsed by D. C. O’Malley, praying for judgment against the maker and indorser in solido, and it was allotted to division C, the judge of which division made an ex parte order that it be transferred to division B, and thereafter denied plaintiff’s request and motion to vacate his order, on the ground that there was pending in division B a proceeding by James J. Costello and certain interveners, including relator, suing on the note hereinabove mentioned, for the appointment of a receiver to the Southern Publishing Company, and 'that it was therefore proper and competent, under the law and the rules of the court, to transfer plaintiff’s suit to that division, and thereupon relator made this application for the writ of mandamus, directing the judge, made respondent, to vacate his order and proceed with the trial of the case, to which application the learned judge makes return as follows:
“Respondent * * * in ordering the transfer * * * acted in strict accordance with law and with the rules of the civil district court. The receivership proceedings, instituted against the Southern Publishing Company, Incorporated, were * * * pending and on trial * * * in division B. In those proceedings, E. H. Merrick was an applicant for the appointment of a receiver, and based his claim on his alleged rights as holder of two certain promissory notes, drawn by said company and indorsed by D. C. O’Malley. Merrick thereafter brought the suit allotted to division C, and which respondent ordered to be transferred to division B. This latter suit was also based on the identical notes on which Merrick had depended as alleged creditor in the pending receivership proceedings. In my opinion, the second suit on those identical notes, if it was necessary or proper to bring the suit at all, could only be tried properly by the judge of division B, who, having started the trial of the receivership proceedings, already had under consideration before him the merits, or lack of merits, of Merrick’s claim on said notes. Further, it seems to me that the second suit of Merrick on these notes was properly transferred to division B for the following reason: The rules of the civil district court provide that, where there' is a common fund under administration, all suits relating thereto shall be triable before that division of the court having jurisdiction of said fund. In this case, the liquidators of the Southern Publishing Company, Incorporated, have been judicially confirmed and recognized by the judge of division B, and it is in that division of the court that the liquidation of this corporation will take place and the funds of that liquidation be distributed. A suit against that company, such as was Merrick’s proceeding on his promissory note, is evidently a demand against the corporate funds in liquidation, and, in my opinion, is properly transferred to that division of this court which controls the distribution of that fund. The rules of court upon which respondent relies are annexed to, and made part of, this return.”
The particular rule thus annexed and relied on is section 10 of rule 8 which, reads:
“Whenever, by reason of the pendency of two or more suits, by creditors claiming as against a common debtor, conflicts may arise as between such creditors, whether as to the validity of their claims, or to the legality of the seizure *345 levied, or as to the order in which they shall be paid, and there is a common fund which is the subject of such controversy, all such suits shall be assigned to the division first acquiring jurisdiction of such fund.”
The Constitution of 1898, by which the question at issue is governed, art. 134, provides that all cases, after being filed in the civil district court, shall be allotted or assigned among the judges and—
“Except as herein otherwise provided, each judge, or his successor, shall have exclusive control over every case allotted or assigned to him, from its inception to its final determination in said court. In case of a vacancy in the office, recusation, absence or disability of a judge to whom a case has been allotted or assigned, or in case such action is deemed advisable in the proper administration of justice, or of the business of the court, such case may be reallotted or reassigned,” etc.
Article 136 further provides that:
“The judges of said civil district court shall be authorized to adopt rules, not in conflict with law, regulating the allotment, assignment and disposition of cases, the order in which they shall be tried, and the proceedings in such trials,” etc.
Opinion.
[1, 2] We do not understand it to be charged, nor do we perceive, that, in the adoption of the rule which has been quoted, the court has exceeded the authority thus conferred upon it. In other words, the rule does not appear to be “in conflict with law,” and hence was within the power of the court. It is true that it provides for the transfer of suits from one division to another only when: (1) They are the suits of the creditors of a common debtor; (2) when conflicts may arise between such creditors; and (3) when there is a common fund of which one of the divisions of the court has first acquired jurisdiction. The mere fact, therefore, that there was pending in division B a proceeding for the appointment of a receiver to the publishing company did not authorize the transfer to that division of the suits that were brought against the company in other divisions, since the pendency of such a proceeding did not vest division B with jurisdiction of any common fund. Where, however, the members of a corporation have selected persons to liquidate its affairs and the liquidators so selected have been “judicially confirmed,” their confirmation vests in them the possession and control of the corporate assets. In the Matter of the Louisiana Savings Bank, 35 La. Ann. 196; In the Matter of the Mechanics Society, 31 La. Ann. 627; Weymouth v. Roselius, 36 La. Ann. 527. So that, if we are to understand that the liquidators of the publishing company had been confirmed when the order of transfer, or the refusal to vacate that order, was made, the case is within the rule, so far, at least as plaintiff’s claim against the publishing company is concerned. True it is, the suit is against O’Malley as well as the publishing company and as to the claim against him, considered alone, is not within the rule. But it cannot well be considered alone, since relator has the right to sue him, in solido with the common debtor referred to in the rule, and, having done so, he cannot be deprived of that right by having his claim against the publishing company transferred to division B and his claim against O’Malley retained in division O. Nor can he be authorized, under the order complained of, to drag O’Malley into a receivership proceeding which does not concern him, in order to obtain judgment against him on the note. Upon the other hand, if the judge makes no order, the rule, which requires that “all such suits shall be assigned to the division first acquiring jurisdiction of such fund”- — meaning a common fund in which the plaintiffs in the suits thus referred to have an interest— is treated as though nonexistent, a result which, as in the interpretation of a statute, is to be avoided, if legally possible. The order, as made, does not, however, involve either of the alternatives mentioned; i. e., it does not purport to send part of the suit *347 to division B and retain part of it in division O, nor does it purport to force O’Malley into the receivership proceeding. It conforms to the rule by sending the whole case to division B, where presumably relator will be afforded the same facility for obtaining judgment on his note as he possessed in division O, and where, having obtained such judgment, he may assert it as against the fund in the hands of the liquidators, contradictorily with the other creditors of his judgment debtor, at his option, and without taking his other judgment debtor into the liquidation proceedings; it being equally improbable, as we apprehend, that he will be forced into those proceedings against his will, or that he will remain out of them, if the assets of the publishing company are to be there distributed. As the case is presented by the return of the respondent, we find no sufficient reason for holding that the order of which relator complains was unauthorized or will operate illegally to his prejudice.
It is therefore ordered that the rule ni.si herein issued, as also this application, be dismissed at relator’s cost.