## In re BIG PINES LIME & TRANSPORTATION CO.

(District Court, S. D. California, S. D.   March 3, 1919.)

No. 3264.

1. BANKRUPTCY ⬿60—ACT OF BANKRUPTCY—"APPLIED" FOR RECEIVER—CONSENT TO APPOINTMENT.

Under Bankruptcy Act July 1, 1898, § 3a, cl. 4 (Comp. St. § 9587), making it an act of bankruptcy that one, being insolvent, has applied for a receiver, "applied" cannot be construed to mean applied for or consented to, so

as to authorize bankruptcy proceedings against one who stipulated that a receiver might be appointed in a suit brought against him by creditors.

2. EVIDENCE &⇒318(8)—HEARSAY—STATEMENTS IN PLEADINGS.

Allegations of insolvency in a complaint by creditors for the appointment of a receiver, not admitted to be true by the defendant, though he consented to the appointment of the receiver, are hearsay, and not competent to establish insolvency in bankruptcy proceedings against defendant.

Proceeding to have the Big Pines Lime & Transportation Company adjudicated an involuntary bankrupt. On exceptions to the report of the special master. Exceptions sustained, and petition dismissed.

Gale & Cobb, Norman A. Bailie, and Thomas A. Sanson, all of Los Angeles, Cal., for alleged bankrupt.

Alfred Wright and Ovila N. Normandin, both of Los Angeles, Cal., for petitioning creditors.

John O. Bender, of Los Angeles, Cal., for intervening creditors.

TRIPPET, District Judge. [1] This case requires an interpretation of subdivision 4, par. "a," § 3, Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 546 (Comp. St. § 9587). That provision provides that a person "being insolvent, applied for a receiver. * * *" In this case the alleged bankrupt did not apply for a receiver. A suit was instituted against the bankrupt by one Rickershauser, in which the appointment of a receiver was prayed. Other creditors came in and then all parties stipulated that a receiver might be appointed. No receiver, however, was appointed. So the case cannot fall under the latter part of said subdivision 4.

The petitioning creditors desire the court to hold that the word "applied" means applied for or consented to the appointment of a receiver. The alleged bankrupt here did nothing in that case but consent to the appointment of a receiver. If Congress meant that, if a person consented to the appointment of a receiver, it should be made an act of bankruptcy, it might easily have so stated. The cases relied upon by the creditors are cases wherein the application for a receiver was made on behalf of the bankrupt, or where the bankrupt actually petitioned for the appointment of a receiver.

[2] The proof in this case, however, fails to show that the alleged bankrupt was insolvent. The only evidence offered of insolvency was the allegations in the complaint in the case of Rickershauser against the alleged bankrupt. There was no stipulation in that case that the allegations in the complaint were true. There was no answer confessing that they were true, and there was no finding of the court that they were true. They are, therefore, but the mere assertions of a third party, and are controlled by the rule concerning hearsay evidence.

The exceptions to the report of the special master will be sustained, the petition dismissed, the master allowed $35 for reporter's fees, and the special master allowed the sum of $200 for his services in this behalf, all to be taxed against the petitioning creditors.

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes