## STANDARD WAREHOUSE & COMPRESS CO. et al. v. GEORGE H. McFADDEN BROS. AGENCY et al.

### (Circuit Court of Appeals, Fifth Circuit. April 12, 1921.)

### No. 3645.

**Bankruptcy** ☞**63—Act of corporate liquidators held not act of corporation.**
    Where a corporation had appointed two stockholders as liquidators to settle its affairs, on dissolution under Acts La. 1914, No. 267, and the provisions of its charter, which did not purport to give the liquidators

---

powers different from those conferred by the statute, the action of the liquidators in thereafter applying to the court for qualification as judicial liquidators is not an act of the corporation, so that an adjudication of bankruptcy cannot be based on such act, where the appointment of the liquidators by the corporation occurred more than four months before the filing of the petition for involuntary bankruptcy.

Appeal from the District Court of the United States for the Western District of Louisiana; George Whittifield Jack, Judge.

Involuntary proceedings in bankruptcy on the petition of the George H. McFadden Bros. Agency and others against the Standard Warehouse & Compress Company. From an adjudication of bankruptcy, the alleged bankrupt and others appeal. Reversed.

J. C. Theus and M. C. Thompson, both of Monroe, La. (J. C. Theus, M. C. Thompson, and Stubbs, Theus, Grisham & Thompson, all of Monroe, La., on the brief), for appellants.

John M. Munholland, of Monroe, La., and Walter J. Suthon, Jr., of New Orleans, La. (Munholland & Garrett, of Monroe, La., and Hall, Monroe & Lemann, of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an adjudication of bankruptcy on an involuntary petition filed on March 13, 1920, against the appellant Standard Warehouse & Compress Company, a Louisiana corporation. The petition contained the following averment:

"And your petitioners further represent that said Standard Warehouse & Compress Company is insolvent, and that within four months next preceding the date of this petition said Standard Warehouse & Compress Company committed an act of bankruptcy in that it did heretofore on the 24th day of November, 1919, in the cause entitled 'Liquidation of Standard Warehouse & Compress Company,' No. 10099 on the docket of the Sixth district court, parish of Ouachita, state of Louisiana, and on account of its insolvency and its inability to pay its debts as they fell due, upon the authority of a resolution of its board of directors, receivers and trustees, under the guise and the name of judicial liquidators, were put in charge of the property of the defendant under the laws of the state of Louisiana, and are at this time actively administering the same as such."

The question of the sufficiency of the just-quoted averment was not raised by demurrer. The appellant filed an answer, which contained the following:

"Defendant specially denies that it has committed any act of bankruptcy within four months next preceding the date of the filing of the petition in this cause, or the service, or this appearance, and pleads the prescription of four months in bar of any acts of bankruptcy committed prior to that date, if such acts of bankruptcy were committed, which is specially denied.

"Defendant specially denies that on the 24th day of November, 1919, or on any other date, 'in the cause entitled "Liquidators of Standard Warehouse & Compress Company," No. 10,099 on the docket of the Sixth district court of the parish of Ouachita, and state of Louisiana, on account of its insolvency and inability to pay its debts as they fell due,' or in any other proceeding, upon the authority of a resolution of its board of directors or otherwise, it caused or procured the appointment of receivers or trustees, or even judicial liquidators by said Sixth district court of the parish of Ouachita, or any other court."

In view of the above-disclosed condition of the pleadings it may be assumed that the adjudication is not subject to be reversed, if the evidence adduced showed the commission of an act of bankruptcy within four months prior to the filing of the petition, even if the petition did not properly allege that act of bankruptcy. An opinion rendered by the District Judge shows that the adjudication was based upon the action of Sol Meyer and Mark W. Stroud, liquidating commissioners of the appellant, in applying to a Louisiana state court, by a petition filed on November 14, 1919, for an order permitting them to qualify as judicial liquidators and to liquidate and settle up the affairs of the dissolved corporation under the authority and direction of the court. An order in pursuance of the prayer of that petition was made on the same day. That proceeding was ex parte: the appellant not being named or appearing as a party thereto. There was evidence to support a finding that the appellant was insolvent when that proceeding was instituted. That it was then insolvent was not alleged in that proceeding, and was not a ground on which the order prayed for was made. The original appointment of the liquidating commissioners was made by the appellant's board of directors in September, 1919, in pursuance of a resolution adopted on the 16th day of August, 1919, by a unanimous vote of its stockholders, whereby the corporation was ordered dissolved and its board of directors was ordered to elect from among its stockholders two liquidating commissioners for the purpose of liquidating and settling the affairs of the corporation.

In behalf of the appellee it is contended that the adjudication is sustainable on the ground that the alleged bankrupt, within four months prior to the filing of the petition, being insolvent, applied for a receiver or trustee of its property, within the meaning of the provision of subdivision 4 of section 3a of the Bankruptcy Act (Comp. St. § 9587). This contention cannot be sustained, unless the above-mentioned action of the liquidating commissioners in filing the petition in pursuance of which they were appointed judicial liquidators is treated as the act of the alleged bankrupt. The Louisiana statute (Act 267 of 1914) under which the appellant corporation was dissolved and two of its stockholders were appointed liquidators, "with full power to settle its affairs, collect the outstanding debts, sell and convey the property, pay its debts and divide the remaining money and property among the stockholders," contains the following provisions:

"That a corporation dissolved under this act shall be extinct in all respects as if its corporate existence had expired by limitation of its charter.

"All corporations, whether they expire by limitation or are otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to liquidate their affairs, to dispose of and convey property and to divide their capital, but not for the purpose of continuing the business for which they were established. * * *

"Where any corporation shall be dissolved in any manner whatever, any court of competent jurisdiction may, at any time, on application of any creditor or stockholder, and for good reasons shown, order that the liquidators so appointed by the stockholders, shall qualify as judicial liquidators, and liquidate the affairs of said corporation under the orders and decrees of the court, and upon the failure or refusal of said liquidators so to do, the court

may appoint one or more persons to be the receivers of such corporation, to take charge of the estate and effects thereof, and to liquidate and settle the business and affairs of the company with such powers and duties as the court by its orders and decrees, from time to time, may grant or impose."

The appellant's charter contained the following provision:

"At the expiration of this charter, unless sooner dissolved, its affairs shall be liquidated by two commissioners to be elected by the board of directors from among the stockholders, and said commissioners are hereby vested with full power to sell all the assets and property, both real and personal, of this corporation, and convey full and complete title thereto, and to do and perform all acts essential or proper to a full and complete liquidation of the affairs of this corporation, and a distribution of the proceeds, if any, amongst the stockholders thereof."

The just-quoted provision of the charter does not purport to provide for the liquidating commissioners having powers other or different from those conferred by the above-mentioned general statute upon liquidators elected by the stockholders of a corporation upon its dissolution. In the case of liquidation of Grant & Jung Furniture Co., Ltd., 51 La. Ann. 1254, 26 South. 97, the following was said with reference to a proceeding similar to the above-mentioned one instituted by the liquidating commissioners of the appellant:

"In the instant case, the corporation had been formally dissolved and proceedings taken as directed by the charter for liquidation. The liquidators named by the stockholders, finding themselves unable, without the aid of the court, to execute the trust, carried the liquidation proceedings into the court, and this action of theirs as liquidators, not as officers of the corporation, nor in the name of the corporation, which no longer existed, gave to the application the status of a proceeding pending before the court for the liquidation and settlement of the affairs of the defunct corporation, and in aid of the same, to effectuate it and to conserve and protect equally the rights of all, it became necessary to appoint liquidators, invest them with the power and surround them with the protection of the court as officers of the same, and to direct by the restraining order that they be not interfered with."

The just-quoted language plainly discloses that the court did not regard the application made by the liquidators as an application by the dissolved corporation. The above-quoted provision of the statute with reference to liquidators appointed by the stockholders qualifying as judicial liquidators shows that it was not contemplated that a court's action in that regard was to be based upon an application of the dissolved corporation, but "on application of any creditor, or stockholders, and for good reasons shown." As the liquidating commissioners of the appellant were required to be, and were, stockholders, their above-mentioned application to be allowed to qualify as judicial liquidators is to be regarded as such an application as the statute contemplated.

We do not think that more need be said in support of the conclusion that what is relied on as an act of bankruptcy supporting the adjudication in question was not shown to be an act of the alleged bankrupt, within the meaning of section 3 of the Bankruptcy Act.

Because no act of bankruptcy was proved to have been committed by the appellant within four months prior to the filing of the involuntary petition, the adjudication appealed from is reversed.