**HAUBTMAN & LOEB CO., Limited, v. DUNBAR MOLASSES CO., Inc., et al.**

(Circuit Court of Appeals, Fifth Circuit. May 27, 1926.)

No. 4746.

1. **Bankruptcy ⊜60—Application by corporation for appointment of judicial liquidators under Louisiana statute is same in effect as application for appointment of receivers (Bankruptcy Act, § 3a [4], being Comp. St. § 9587; Act La. No. 267 of 1914).**

Application by an insolvent corporation for appointment of judicial liquidators under Act La. No. 267 of 1914, is the same in effect as application for appointment of receiver under Bankruptcy Act, § 3a (4), being Comp. St. § 9587, declaring such application an act of bankruptcy.

2. **Bankruptcy ⊜60—Appointment of liquidators for insolvent corporation on petition of creditor, but by agreement with debtor, is act of bankruptcy (Bankruptcy Act, § 3a [4], being Comp. St. § 9587).**

Appointment of judicial liquidators for an insolvent corporation under Louisiana statute on petition of a creditor, presented by agreement with the corporation and immediately adopted by liquidators previously elected by stockholders, is equivalent to such appointment on corporation's own application, and constitutes an act of bankruptcy.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

In the matter of the Haubtman & Loeb Company, Limited, bankrupt. From an order of adjudication made on petition of the Dunbar Molasses Company, Inc., and others, the bankrupt appeals. Affirmed.

Philip S. Gidiere, of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellant.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La. (John Dymond, Jr., and Sol Weiss, both of New Orleans, La., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is an appeal from a decree adjudging the Haubtman & Loeb Company, Limited, a Louisiana corporation, an involuntary bankrupt. The act alleged in the petition, and relied on as an act of bankruptcy, was that appellant, within four months next preceding the filing of the petition, and while insolvent, had applied to "the civil district court for the parish of Orleans, state of Louisiana, for the appointment and confirmation of judicial liquidators, which office is analogous to that of receivers, to liquidate and wind up the said corporation's business and financial affairs."

Either by admission or by uncontradicted evidence, the following state of facts was established:

All of the capital stock of the Haubtman & Loeb Company, sometimes herein referred to as "the company," was owned by Ernest M. Loeb, its president, his wife, and two sons, except a few shares, which were held by Isadore Kohlmeyer, its vice president. On May 19, 1925, pursuant to Act 267 of the Louisiana Legislature of 1914, all the stock-

holders signed a consent to the dissolution of the company, and elected Loeb's two sons liquidators, with all the powers and authority granted by law, and particularly with the power to settle, compromise, and adjust any and all claims existing in favor of or against the company. On May 21, two days later, the following proceedings were had in the civil district court for the parish of Orleans:

The owners of the building, which the company occupied as lessee, filed a petition, alleging that the company was indebted to them in the sum of $3,025 for rent, and praying that the liquidators elected by the stockholders be cited to appear and ordered to furnish bonds and qualify as judicial liquidators. The liquidators appeared and filed an answer, in which they admitted the allegations of the petition, and prayed that an order be entered fixing the amounts of their bonds, and that they be appointed judicial liquidators. An order was entered by the court in conformity to the prayers of the petition and answer, fixing the bonds of the liquidators at $5,000 each, and appointing them judicial liquidators.

Ernest M. Loeb and Isadore Kohlmeyer, president and vice president, respectively, had been making a number of personal investments with the funds of the company, and had become indebted to it in the sum of approximately $130,000. Shortly prior to the election of liquidators, banks in New Orleans held about $135,000 of the company's promissory notes, indorsed by Ernest M. Loeb. At about the time the liquidators were elected Loeb arranged with the banks to substitute, and did substitute, his personal notes for those of the company, and thereafter caused himself to be credited on the books of the company with $135,000, the aggregate amount of its notes to the banks which he had indorsed. Kohlmeyer's indebtedness to the company amounted to approximately $50,000.

Among the investments he and Loeb had made with the company's money was one by which they had acquired the ownership of a plantation in the proportions of one-third interest to Kohlmeyer and two-thirds interest to Loeb. After the liquidators had been appointed, a corporation was formed to own the plantation; two-thirds of its capital stock being issued to Loeb and one-third to Kohlmeyer. Loeb transferred all of his stock to Kohlmeyer in consideration of securities valued at from $1,500 to $3,800; then Kohlmeyer transferred all of the stock, except three shares, to the Haubtman & Loeb

Company in settlement of his indebtedness to it, and the judicial liquidators had the settlement approved by the court in the liquidation proceedings. The Haubtman & Loeb Company was insolvent when the judicial liquidators were appointed, as well as when, within four months thereafter, the petition in bankruptcy was filed.

The District Court found as a fact, and it is not denied, that the proceeding before the state court, in which the liquidators elected by the stockholders were appointed as judicial liquidators, was a consent proceeding, fully understood and agreed to beforehand by and between the stockholders, liquidators, and owners of the store building.

[1] Act 267 of 1914 of the Louisiana statutes provides a method by which a corporation may be dissolved. Upon such dissolution that statute authorizes the stockholders to elect from among their number one or more liquidators, with full power to settle its affairs, sell and convey its property, pay its debts, and divide the remaining money and property among its stockholders. It also contains the following provisions:

"All corporations, whether they expire by limitation or are otherwise dissolved, shall be continued as bodies corporate for the purpose of prosecuting and defending suits by or against them, and of enabling them to liquidate their affairs, to dispose of and convey their property and to divide their capital, but not for the purpose of continuing the business for which they were established."

"Where any corporation shall be dissolved in any manner whatever, any court of competent jurisdiction may, at any time, on application of any creditor, or stockholder, and for good reasons shown, order that the liquidators so appointed by the stockholders shall qualify as judicial liquidators, and liquidate the affairs of said corporation under the orders and decrees of the court." Section 30.

The petition in this case is based upon that clause of section 3a (4) of the Bankruptcy Act (Comp. St. § 9587) which makes it an act of bankruptcy for one who is insolvent to apply "for a receiver or trustee for his property." An application for the appointment of judicial liquidators, under the Louisiana statute, is in legal effect the same as an application for the appointment of a receiver or trustee under the Bankruptcy Act, because the powers and duties conferred are the same in the one case as in the other. Appellant concedes this, but contends that it did not commit an act of bankruptcy, be-

cause it did not make application for the confirmation of liquidators as judicial liquidators, but such application was made by its landlords as creditors, and that the liquidators, even if it be held bound by their action, only consented to the order appointing them judicial liquidators.

It is said that the consent shown was not the equivalent of an application, and in support of that position In re Spalding, 139 F. 244, 71 C. C. A. 370, and In re Big Pines Lime & Transportation Co. (D. C.) 257 F. 141, are cited. In the first of these cases, the petition alleged that a receiver had been put in charge of Spalding's property "because of his insolvency," but the proof showed that the receiver was appointed in a suit brought to set aside a conveyance which it was alleged was made in an attempt to hinder, delay, and defraud creditors. The question whether the alleged bankrupt either made or consented to the application for the appointment of a receiver was not involved in that case, nor was the effect of consent to an application for a receiver considered. In the second case no receiver was appointed, and the court held that the proof failed to show that the alleged bankrupt was insolvent.

[2] The finding of the District Judge, that the application for judicial liquidators was made pursuant to a plan agreed upon by and between the stockholders, the liquidators of appellant, and the landlords, to whom they were indebted for rent, is not controverted, and is amply sustained by undisputed evidence. It is apparent that the statutory method of dissolution was adopted in order to enable the president of the insolvent corporation to receive full credit for that corporation's debt to him, and to make a generous settlement of the vice president's debt to the corporation. The object was to get a more favorable settlement than could be expected under the Bankruptcy Act. To carry out this object, the landlords filed the application for judicial liquidators, but that application was immediately adopted by the liquidators, just as the stockholders understood it would be. It would be sacrificing substance to form to allow the plan to succeed.

The state statute keeps a corporation that is being dissolved alive for the purpose of enabling it to liquidate its affairs. Under the facts of this case, the liquidators were not more than the agents of the appellant company, and therefore their adoption of the application for the appointment of judicial liquidators was binding upon it.

13 F.(2d)—22

Appellant relies upon Standard Warehouse & Compress Co. v. Geo. H. McFadden Bros. Agency, 272 F. 251, decided by this court; but in that case the stockholders had taken no action within four months prior to the filing of the petition in bankruptcy, and the application of the liquidators to the court was made upon their own initiative, and apparently for the bona fide purpose of dissolving the corporation, and not in pursuance of a common plan to avoid an administration by the bankruptcy court. That case lends no color of approval to what was undertaken to be done in the instant case.

The decree is affirmed.