## No. 12,711.

### IN RE MOSS CIGAR COMPANY, LIMITED.

Where an *ex parte* order is granted appointing a receiver, it is not the proper practice for a complaining creditor to appeal directly from such order.

The correct course to pursue is for such creditor to appear in the cause and move that the order be vacated and set aside, or take a rule to set aside and vacate, and if the motion be refused, or the rule denied, to appeal from the decision and such appeal, if suspensive, would stay further proceedings in the receivership and hold matters in *statu quo* pending the appeal.

50   789
51   144
51   162
51  1259
50   789
f52 1319
50   789
105  177
50   789
108  536
50   789
119  520
o119  522

#### ON REHEARING.

Appeal by creditor, whose claim exceeds two thousand dollars, from order appointing receiver and staying proceedings against insolvent corporation. Motion to dismiss appeal on ground that assets of corporation do not equal two thousand dollars in value—*Held:* That the question of jurisdiction is determined by amount of creditor's claim on which the right of action is suspended rather than by the sum of the assets as shown by the scheduls.

Further motion to dismiss, on ground that the appeal will not lie from order appointing receiver as herein made—*Held:* The appeal does lie, differentiating the case from Brewing Company vs. Judge, 46 An. 100, and Harrod vs. Sewerage Company, 49 An. 1595.

There is no direct authority of law for appointment of receiver as herein made and for the order staying proceeding against the corporation, and the facts and exigencies of the case do not bring it within the category of cases where, under their inherent powers, such appointments have been made by the courts in aid of their jurisdiction or as as a conservatory process incidental to a main demand.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*, of Division E, acting for *Monroe, J.*, Division C, now absent.

*Solomon Wolff* for Receiver, Appellee.

*E. Evariste Moise* for Gonzales, Mora & Co., Creditors, Appellants.

---

In re Cigar Co., Ltd.

---

Submitted on briefs on motion to dismiss January 10, 1898.

Opinion handed down January 24, 1898.

Rehearing granted March 7, 1898.

Reargued and resubmitted April 5, 1898.

Opinion on rehearing handed down April 18, 1898.

---

The opinion of the court was delivered by

BLANCHARD, J. The Moss Cigar Company, Limited, presented a petition to the District Court setting forth that its capital stock was greatly impaired by reason of losses incurred in the conduct of its business, its credit weakened and its condition insolvent. It represented that its creditors were pressing for payment of their claims, and a multiplicity of suits was threatened. It exhibited schedules of its assets and liabilities, which show its insolvent condition. It averred that the interest of all concerned would be best subserved by the appointment of a receiver to take charge of its affairs. It prayed for the appointment of such receiver, for an inventory and appraisement of its assets, and that all proceedings against the corporation and its property be stayed.

It annexed to its petition what purported to be telegrams and letters from its directors and stockholders consenting to the proceedings taken.

Upon this showing, the District Judge made an order appointing William Moss receiver, fixed the bond he was to give at two thousand dollars, directed an inventory of the property of the concern to be taken, appointed a notary to take the same, and appraisers to fix the value of the property, and decreed that all proceedings against the corporation and its property be stayed.

About six weeks later Gonzalez, Mora & Co. appeared in the case, represented they were creditors of the Cigar Company in an amount exceeding two thousand dollars, suggested to the court that the order hereinbefore set forth contained error to their prejudice, and moved for a devolutive appeal therefrom, returnable to this court.

An order of appeal was granted, the bond given and the appeal is before us.

It is met here by a motion to dismiss on the ground that this court is without jurisdiction *ratione materiæ*, and that an appeal will not lie from an order appointing a receiver as herein made.

We express no opinion on the ground first averred.

That last averred is fatal to the appeal.

It may be the order sought to be appealed from is improvident and without warrant; that there is no basis for it in fact or in law; that it ought to be set aside and vacated.

These are matters we will not pass on now.   They should be first presented to the court granting the order in a motion, or on rule taken to vacate.

It will be time enough for this court to pass on them when they come here in the regular way by appeal from the judgment on the motion or rule to vacate.

Such was the practice commended, and the rule laid down in regard to *ex parte* orders like the present one, in State *ex rel.* Brittin vs. City, 43 La. An. 831; State *ex rel.* Brewing Co. vs. Judge, 46 La. An. 100; Harrod vs. Sewerage Co., 49 La. An. (decided December 13, 1897, not yet reported).

Some difficulty suggests itself in this, that should a creditor, or other interested party, objecting to the *ex parte* order appointing a receiver, take a rule to vacate such order and judgment goes against him thereon and he appeals suspensively, would such appeal operate to suspend further proceedings under the order appointing the receiver?   We hold that it would; that pending the appeal further proceedings in the receivership would be stayed and matters held in *statu quo.*

The motion to dismiss must prevail.

And it is ordered that the appeal herein taken be dismissed, reserving to appellants the right by appropriate pleas in the court *a qua* to test the sufficiency and legality of the order complained of.

NICHOLLS, C. J., dissents.

MILLER, J., dissenting in separate opinion.


ON REHEARING.

The opinion of the court was delivered by

BLANCHARD, J. When this cause came before us recently the appeal was dismissed on a question of practice submitted in the motion.

A rehearing was granted for further argument on the point presented, and for further time to consider.

### ON MOTION TO DISMISS.

The order granted by the judge *a quo* does two things—appoints a receiver and stays proceedings against the corporation.

This creditor, with a claim exceeding two thousand dollars, finding himself barred from the courts, except that he may recognize the receivership and take proceedings therein, appeals from the order.

He is met here with a motion to dismiss on the ground that this court is without jurisdiction *ratione materiæ*.

Is it?

Appellee insists that the amount of the assets of the company is one thousand six hundred and thirty-nine dollars and ninety cents— a sum below the minimum jurisdictional limit here, and that the real matter in contestation is the distribution of the fund arising, or to arise, from these assets.

If it were true that this is a contest only over the assets and over the fund arising from them, it is manifest the plea to the jurisdiction would be good.

But there is as yet no fund available from the assets. They have not yet, so far as the record discloses, been administered, disposed of, collected. No scheme, or tableau for the distribution of any fund among the privileged and ordinary creditors is here presented. The creditors are not here contending among themselves over any fund, or seeking to control the receiver in respect to his distribution thereof, or to hold him responsible for any matter arising in reference to this insolvent estate, or his administration thereof. In short, this is not purely and simply a case where " the matter in dispute, or the fund to be distributed" is less than two thousand dollars.

Nor is the matter in contestation here merely the legality *vel non* of the appointment of this receiver. It includes also the question of the right to stay the hand of this creditor, to order him not to take proceedings against his debtor.

The order appealed from, then, affects· this claim of over two thousand dollars, denies its right to be independently asserted, to be declared on, to become the basis of proceedings immediately taken to enforce its payment against the property of the debtor. In fine, denies the constitutional right of action on it.

It is this right of action, now suspended by an order alleged to be improvident, which, rather, is *the test* of jurisdiction in this appeal

and *the question* of jurisdiction is to be determined according as the amount of the claim, on which the right of action is suspended, does or does not exceed two thousand dollars.

As it exceeds that sum, it follows the court is vested with jurisdiction *ratione materiæ*.

A further motion to dismiss is made on the ground that an appeal will not lie from an order appointing a receiver as herein made.

This presents a question of practice and, in our former opinion we held the plea good and dismissed the appeal.

Further consideration has lead to a different conclusion.

The denial of appeals direct from orders appointing receivers has in previous cases (State *ex rel.* Brewing Co. vs. Judge, 46 La. An. 100, and Harrod vs. Sewerage Co., 49 La. An. —) not been carried so far as is required in the instant case for the dismissal of this appeal. In those cases questions of fact existed, necessary to the determination of the issue, requiring proof and necessitating the production of evidence. The appeals direct from the order of appointment did not and could not bring up the facts. It was not improperly held that, in such cases, the appeal should be dismissed, leaving the appellant to take a rule to vacate the order of appointment of receiver, which would give opportunity, by the introduction of testimony, to ascertain the facts.

The case under consideration, on the face of the pleadings and record, presents no issue of fact, and it is not suggested in argument or brief that there is any question of fact necessary to the determination of the appeal.

The order of appointing this receiver was a decree which, while not final in the proceedings, is final as to its consequences, and, therefore, appealable, coming under the rule laid down in Enet vs. His Creditors, 4 M. (La.) 308. See also Martin vs. Blanchin, 16 An. 83.

The motion to dismiss the appeal is denied.

## ON THE MERITS.

The question presented is: The power of the Civil District Court, upon the *ex parte* application of this insolvent corporation, to make an order appointing a receiver and staying proceedings against the corporation.

Our courts, without any direct statutory provisions on the subject, have, in aid of their jurisdiction and as warranted by the exigencies.

of cases, adopted and established the practice of appointing receivers. But this has not proceeded further, and should not, without legislative enactment, proceed further than in making such appointment in cases where the parties litigant agree that it be done, or when it is necessary to the execution of a judgment of the court, or in a case where the property in controversy being under seizure by a writ of the court and in custody it is necessary as a conservatory process to care for or administer the same, or where the property of a corporation is abandoned, or there are no persons authorized to take charge of and conduct its affairs, or where it is done in aid of proceedings pending before the court for the liquidation of the affairs of a corporation and rendered necessary for the preservation of the interests of all concerned. See 34 La. An. 754; 5 *Id.* 740; 6 *Id.* 456; 3 *Id.* 182; 30 *Id.* 162; 35 *Id.* 199; 44 *Id.* 570; 49 *Id.* 301; 5 R. (La.) 517; 11 R. 418.

There being no direct authority of law to sustain the appointment of this receiver and for the order staying proceedings against this corporation, and the facts here presented and the exigencies of the case not bringing it within the category of cases mentioned above, where, under their inherent powers, such appointments have been made by the courts in aid of their jurisdiction, or as a conservatory process incidental to a main demand, the apointment and order staying proceedings can not be maintained. Baker vs. Portable Railroad Company, 34 La. An. 756.

It is, therefore, ordered that the decree of this court hereinbefore rendered, dismissing this appeal, be set aside, and it is now adjudged and decreed that the order ef the Civil District Court, parish of Orleans, made in this proceeding, appointing a receiver of the Moss Cigar Company, Limited, and staying proceedings against the said corporation, be vacated and annulled—costs of both courts to be borne by the corporation, appellee.

Mr. Justice Breaux dissents.