LAND, Justice.
 

 This is an injunction suit brought by plaintiff and appellant, Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, in an effort to protect her share of the community property, which she charges that her divorced husband, together with his two aunts, Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster, are attempting to deprive her of by collusion.
 

 There was no hearing had on the merits, but the trial judge maintained an exception of no cause or right of action. All of the well-pleaded allegations of fact’ in plaintiff’s petition must therefore be accepted as- true.
 

 A summary of appellant’s petition is as follows:
 

 (1) She was divorced from her husband by judgment of the Civil District Court, which became final on September 15, 1939, thereby dissolving the community of acquets and gains, which she accepted.
 

 (2) On September 22, 1939, she filed a suit in the Civil District Court seeking
 
 *420
 
 a partition of the community property, setting out that the principal assets of the community were a certain business operated by her husband under the name oi “F. H. Koretke Brass & Manufacturing Company, Ltd.,” and all of the property held in that name. That all of the property used in the operation of the business under the assumed name of “F. H. Koretke Brass & Manufacturing Company, Ltd.,”
 
 was acquired during her marriage and subsequent to the expiration of the charter.
 
 That the F. H. Koretke Brass & Manufacturing Co., Ltd., was dissolved by the expiration of its charter in 1925, and that all of the property that was acquired by this defunct corporation some fifteen years ago has long since been disposed of, and, therefore, the defunct corporation owns n’o property to liquidate.
 

 (3) While this suit for partition of the' community property was pending, appellant’s husband went into the Civil District Court with his two aunts and instituted pretended liquidation proceedings by obtaining ex parte orders appointing appellant’s divorced husband and one of his aunts, Mrs. Emily J. Koretke, as Liquidating Commissioners of the F. H. Koretke Brass & Manufacturing Company, Ltd., which concern was formerly a corporation that dissolved by expiration of its charter some fifteen years, ago, and whose business was held and conducted by. appellant’s divorced husband for some 10 years prior to that time.
 

 (4) The purpose of these fictitious liquidation proceedings was to place the principal assets of the community out of the reach of appellant.
 

 (5)The aunt, Mrs. Emily J. Koretke, who was named as one of the liquidators, had no interest in said business for some ten years or more prior to the institution of the fictitious liquidation proceedings, and, therefore, was a stranger to this community property. Appellant’s petition prayed for:
 

 (a) An injunction to restrain her divorced husband and his two aunts from disposing of or alienating or intermeddling with the
 
 community property.
 

 (b) An order vacating and setting aside the ex parte orders illegally obtained in the purported liquidation proceedings.
 

 The above petition was filed under the same number and title as the purported liquidation proceeding.
 

 Appellees filed and argued an exception of no cause or right of action, which was maintained, and appellant appealed from this judgment.
 

 (6) The wife’s petition, having alleged that all of the property used in the operation of the business under the assumed name of “F. H. Koretke Brass & Manufacturing Company, Ltd.,”
 
 was acquired during her marriage and subsequent to the expiration of the charter,
 
 sets out facts showing that such property is community property, and it follows necessarily that her petition for injunction clearly discloses a cause of action.
 

 “A corporation can neither make nor take a conveyance of property after dissolution, or the expiration of its charter.” Thompson on Corporations, Vol. 8, Sec. 6511.
 

 
 *422
 
 In Rhodes v. Rhodes, 190 La. 370, 182 So. 541, it is said by the Court, 190 La. at pages 375 and 376, 182 So. at page 543: “In Tomme v. Tomme, 174 La. 123, 139 So. 901, this Court said [174 La.] at page 130, 139 So. at page 903:
 

 “ ‘When the community is dissolved by judgment as in this case,
 
 the spouses each get, not half the value of the effects, but each a one-half interest in the effects themselves,
 
 which may be divided, partitioned, and it is
 
 settled jurisprudence
 
 that where the former husband remains in possession of the community property, the wife or her heirs may sue for her share of the property
 
 before the community has been liquidated
 
 and without alleging that it is insolvent. (Italics ours). Tugwell v. Tugwell, supra (32 La.Ann. 848); Glasscock v. Clark, 33 La.Ann. 584; Heirs of Murphy v. Jurey & Gillis, 39 La.Ann. 785, 2 So. 575; Succession of Dumestre, supra (42 La.Ann. 411, 7 So. 624); Verrier v. Loris, 48 La.Ann. 717, 19 So. 677; Levy et al. v. Robson, 112 La. 398, 36 So. 472.’” (Italics partly ours)
 

 And finally the Court in this case said:
 
 “Husband and wife become co-owners of community property, when divorce decree becomes final,
 
 and either has right of partition. Giglio v. Giglio, 159 La. 46, 105 So. 95.” (Italics ours)
 

 The suit in the instant case was filed by plaintiff, after the divorce from her husband had become final on September 15, 1939.
 

 (7) The appellant is clearly entitled to an injunction under Article 303 of the Code of Practice, which authorizes the Court to grant an injunction, “when it is necessary to preserve the property in dispute during the pendency of the action, and to prevent one of the parties, during the continuance of the suit, from dilapidating the same,
 
 or from doing some other act injurious to the other party."
 
 (Italics ours)
 

 The plaintiff .in this case seeks an injunction to protect her share of the community property, which she charges that her divorced husband and his two aunts are attempting to deprive her of by collusion." Without any hearing on the merits of the case, the very persons against whom plaintiff has made these serious charges have been appointed liquidators of the defunct corporation,
 
 without bond.
 
 Further, the petition sets out that all of the property that was acquired by this defunct corporation prior to its decease some fifteen years ago has long since been disposed of and,' therefore, the defunct corporation owns no property to liquidate. Plaintiff was also entitled to a hearing on this issue on the merits which, appellant complains in her brief, was denied by the lower court.
 

 (8) We will now consider the effect of the dissolution of the F. H. Koretke Brass & Manufacturing Company, Ltd., by the expiration of its charter in the year, 1925.
 

 In the case of Screwmen’s Benev. Association v. Monteleone, 168 La. 664, at page 671, 123 So. 116, at page 118, the Court says:
 

 “In 7 R.C.L. p. 66, the rule is stated to be that, where the charter fixes a definite time when its corporate life must end, when that date is reached the corporation is ipso
 
 *424
 
 facto dissolved
 
 without any direct action on the part of the state or its members. No corporate powers can thereafter be exercised by it except such as are given by statute for the purpose of winding up its affairs.
 

 “ 'And where a corporation continues to exercise, without authority, its corporate powers after the expiration of its charter by lapse of time, it does not thereby become a de facto corporation in so far as it may assert rights and powers as a corporation.’
 

 “There are quite a number of cases cited in the note by the author, a majority of which appear to sustain the doctrine that, even though the corporation continues after the expiration of the charter, it does not obtain the legal status of a corporation de facto.
 

 “We have no statute in this state defining the status of a corporation whose charter has expired by limitation,
 
 but Act 26 of 1900 authorises the appointment of a receiver
 
 to take charge of the property and liquidate the affairs of
 
 a corporation which has ceased to exist,
 
 on the application of any party in interest, or, in the absence of any such person, then on application of the Attorney General.
 

 “In the absence of any judicial precedent set by our own courts, we are disposed to follow the weight of authority established by the courts of other jurisdictions and to hold that,
 
 when a charter of a corporation expires by limitation of time as fixed in the charier, the corporation is thereby dissolved and ceases to exist, and is without any corporate power either de jure or de facto.”
 
 (Italics ours)
 

 When application is made for judicial liquidation of the affairs of an already dissolved corporation, the only procedure provided under our law is found in Act 26 of 1900, Sections 1219, 1220 of Dart’s Revised Statutes, which reads as follows:
 

 “1219.
 
 Defunct corporations
 
 — Appoint
 
 ment of receiver.
 
 — In all cases where any corporation possessed of property rights or credits, has ceased to exist, or its charter has been repealed without providing for the liquidation of its affairs, the district court having jurisdiction of the place where said corporation was in existence, shall have the right and power on the application of any party in interest, and where no individual is personally interested, and on the application of the attorney general,
 
 to appoint a receiver,
 
 to take charge of the property and effects of said corporation, to collect whatever debts, claims or rights it may have, and to pay the debts of said corporation and finally liquidate the same.”
 

 “1220.
 
 Bond of receiver.
 
 — Said
 
 receiver shall give bond
 
 in such sum as the judge may fix, and he shall administer the affairs of said corporation, as promptly as possible.” (Italics ours)
 

 A bond
 
 was not furnished by these so-called liquidators, as required by Act 26 of 1900.
 

 Section 8 of Act 159 of 1898, Dart’s Revised Statutes, Section 1216, reads as follows:
 

 “1216.
 
 Receivership order book.
 
 — The clerk of the district court shall keep a book, to be known as the receivership order book, among the records of office, and
 
 *426
 
 shall immediately enter notice therein of the filings of every petition, motion, rule or application made in behalf of any person (giving title and number of cause, date of filing, name of petitioner and the object of the petition, etc.), and shall note on said book the time of filing petition, etc., and shall enter at large
 
 therein all orders or decrees made by the court in relation to any receivership.
 

 "No order shall be granted by the court until ten days after entry of such notice in the order
 
 books, except an order to show cause, or when circumstances in the opinion of the court require otherwise,
 
 and same is so stated in the order or decree.13
 
 (Acts 1898, No. 159, Sec. 8). (Italics, ours)
 

 Although the ex parte order appointing these so-called liquidators was neither entered in the receivership order book, nor the circumstances excusing such entry stated in the order, it is recited in the order, employing Mr. Elchinger’s counsel as attorney for these so-called liquidators, that the exigencies of the case demand that this last mentioned order be signed immediately and without waiting 10 days after entry in the receivership order book.
 

 These ex parte orders should not "have been signed until ten (10) days after the entry in the receivership order book, nor was bond given by the so-called liquidators, as required by Section 1220, Dart’s Gen.St., section 2 of Act 26 of 1900, relating to the appointment of a receiver for a defunct corporation. These ex parte orders are therefore clearly illegal and invalid.
 

 (9) In our opinion, plaintiff, appellant, has set forth in her petition a cause of action as to her right to injunctive relief in this case, as well as to her right to have the ex parte orders appointing the so-called liquidators vacated and set aside.
 

 (a) Plaintiff prays that a preliminary injunction issue with bond prohibiting Charles F. Elchinger, her former husband, and Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster from selling, alienating, mortgaging, hypothecating, or disposing of any of the property belonging to the community of acquets and gains existing between the petitioner and her former husband; said property standing in the name of F. H. Koretke Brass & Manufacturing Company, Ltd.
 

 (b) That a permanent injunction issue herein, upon petitioner furnishing bond in an amount to be fixed by the Court, enjoining and forbidding her said former husband, Charles F. Elchinger, Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster from selling, alienating, mortgaging, hypothecating, or in any manner disposing of the property belonging .to the community of acquets and gains heretofore existing between her and her former husband, Charles F. Elchinger, and standing in the name of F. H. Koretke Brass and Manufacturing Co., Ltd.
 

 (10) Plaintiff has a clear right to have this case remanded and tried upon the merits, as requested by plaintiff. On the trial of the exceptions, only documentary
 
 *428
 
 evidence was introduced in connection with the exceptions. No witnesses were examined on the merits, and the case was taken under advisement by the trial judge, only on the exceptions. At the conclusion of his written opinion, it is stated by the trial judge: “There will be judgment in conformity with these reasons,
 
 the effect of which is to maintain the exception of no cause or right of
 
 action.” (Italics ours) Tr., p. 88.
 

 See also Transcript, pages 95 to 99.
 

 'In our opinion the judgment maintaining the exception of no cause or right of action is erroneous.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled find reversed.
 

 It is now ordered that the case be remanded to the Civil District Court for the Parish of Orleans, Division “C,” Docket 5, to be tried upon the merits, and also upon plaintiff’s demand for a preliminary and for a permanent injunction, prohibiting Charles F. Elchinger, her former husband, and Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster, his airnts, from selling, alienating, mortgaging, hypothecating or disposing of in any manner the property belonging to the community of acquets and gains heretofore existing between plaintiff and her former husband, Charles F. Elchinger, standing in the name of “F. H. Koretke Brass & Manufacturing Company, Ltd.”
 

 It is further ordered that appellees pay the costs of this appeal; all other costs to await the final judgment in this case.