LAND, Justice.
 

 This is an appeal from an ex parte order or judgment appointing a receiver for a corporation that has been defunct since 1925 by expiration of its charter. This appeal is taken under Section 4 of Act No. 159 of 1898, regulating the practice of appointing receivers of corporations.
 

 The following motion to dismiss the appeal taken in this case by Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, has been filed in this court by Charles F. Elchinger, appellee:
 

 “On motion of Charles F. Elchinger, duly appointed, bonded and qualified Receiver of F. H. Koretke Brass & Manufacturing Company, Ltd., and Appellee herein, and upon showing to the Court that:
 

 “1. Appellee was designated Receiver herein in accordance with the provisions of Act No. 26 of 1900, providing for the appointment of Receivers for corporations whose charters have expired by limitation, at the instance of the Attorney General or of any party in interest;
 

 “2. Act No. 26 of 1900 contains no specific provision for appeals from such judgments so appointing Receivers, it being assumed that the fact of the expiration of .the
 
 *965
 
 charter gives to the State or any interested person (such as a creditor or a stockholder) the incontestable right to apply for, and to the Court the right to make, such appointment ;
 

 “3.
 
 None of the provisions of Act No. 159 of 1898
 
 have been made applicable to proceedings
 
 under Act No. 26 of 1900,
 
 either by Statute or by the jurisprudence of this State;
 

 “4. The appeal herein was obviously taken in accordance with, and upon the assumption that this is- a proceeding under Act No. 159 of 1898, the general receivership statute; that the inapplicability of Act No. 159 of 1898 has been expressed by this Honorable Court in the course of its opinion (though not in its decree) in case No. 35,712 (In re F. H. Koretke Brass & Mfg. Co., 195 La. 415 [196 So. 917], decided May 27, 1940), wherein this Court indicated that the sole and correct procedure for liquidation of a corporation whose charter had expired by limitation was Act No. 26 of 1900; that if this Honorable Court had been of opinion 'that Act No. 159 of 1898 were appropriate, then the liquidation of the corporation by judicial liquidators could not have been inferentially disapproved by this Court, because Section 1 (1) of Act No. 159 expressly provides that “ ‘the right of stockholders [of a legally dissolved corporation] to liquidate the affairs of the corporation in accordance with the charter shall not be affected thereby’;
 

 “5. Accordingly, appellant has no right, capacity or interest to prosecute this appeal from the appointment and qualification of the Receiver herein under Act No. 26 of 1900, more especially as appellant strenuously contended in said case No. 35,712 that liquidation proceedings under the charter were improper, and that receivership proceedings under Act No. 26 of 1900 were alone proper, which view this Court adopted in the language of its opinion (not its decree) in said case (although appellee respectfully dissents from that opinion, in view of: Sec. 1 (1) of Act No. 159 of 1898; Secs. 53 and 54 of Act No. 250 of 1928; Board v. Meridith, 140 La. 269, 278 [72 So. 960];
 

 “6. Admitting, arguendo, that this appeal is governed, by analogy, by the provisions of Act No. 159, nevertheless 'that Act provides (Sec. 4) that ‘Any person or persons who by affidavit appear to be interested’ may appeal from the order of appointment;
 

 “Appellee shows that such interest on the part of appellee does not so appear; because appellant herself recites as the origin of her interest that the liquidation proceedings of F. H. Koretke' Brass & Manufacturing Company, Ltd. were dismissed by the Honorable the Judge of Division C of the Civil District Court on showing made to him that appellant (Marie Olga Lacroix) had an interest in the business of said corporation (see paragraph 7 of affidavit attached to motion of appeal), which recital was not substantiated by a copy of the judgment of dismissal, but which judgment appellee filed herein, in a Supplemental Transcript, and which disproves said recital by appellant;
 

 “Appellee further shows that in said affidavit (Paragraph 10), appellant affirms
 
 *967
 
 that, in the liquidation proceedings, she had established an interest in the assets and business of said corporation; appellee did not attach to said affidavit any testimony or evidence, taken in said proceedings, in support of her said statement, nor refer thereto, nor any ruling or judgment so declaring, for the reason that none such exists;
 


 “7.
 
 Consequently, the basis declared by appellant to show her interest to justify her appeal, nowhere appears, and the authentic documents filed herein disprove the uncorroborated recitals contained in her affidavit ;
 

 “8. Accordingly, this appeal should be dismissed, for the reasons above stated, to-wit, appellant has disclosed no interest in prosecuting same and has disclosed no legal right to appeal;
 

 “9. This motion to dismiss is not required to be filed within three days, but ‘may be filed effectively at any time’, under James v. Fellowes, 23 La.Ann. 37; Jackson v. Vernon Parish, 150 La. 1057 [91 So. 509]; Sample v. Wheless, 159 La. 844, 847 [106 So. 325]; Lafayette v. Farr, 162 La. 385 [110 So. 624].”
 

 “Wherefore, Appellee, Charles F. Elchinger, duly qualified Receiver of F. H. Koretke Brass & Manufacturing Company, Ltd., prays that this appeal be dismissed.”
 

 The transcript in Re F. H. Koretke Brass & Mfg. Co., Ltd., No. 35,712 of the docket of this court, shows that no rehearing was applied for in that case.
 

 The pertinent parts of the decision in Re F. H. Koretke Brass & Mjfg. Co., Ltd., 195 La. 415, 196 So. 917, 918, are as follows : “This is an injunction suit brought by plaintiff and appellant, Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, in an effort to protect her share of the community property, which she charges that her divorced husband, together with his two atmts, Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster, are attempting to deprive her of by collusion.
 

 “There was no hearing had on the merits, but the trial judge maintained an exception of no cause or right of action. All of the well-pleaded allegations of fact in plaintiff’s petition must therefore be accepted as true.
 

 “A summary of appellant’s petition is -as follows:
 

 “(1) She was divorced from her husband by judgment of the Civil District Court, which became final on September 15, 1939, thereby dissolving the community of acquets and gains, which she accepted.
 

 “(2) On September 22, 1939, she filed a suit in the Civil District Court seeking a partition of the community property, setting out that the principal assets of the community were a certain business operated by her husband under the name of ‘F. H. Koretke Brass & Manufacturing Company, Ltd.,’ and all of the property held in that name. That all of the property used in the operation of the business under the assumed name of ‘F. H. Koretke Brass & Manufacturing Company, Ltd.,’ •was
 
 acquired during hen marriage and subsequent to the expiration of the charter.
 
 
 *969
 
 That the F. H. Koretke Brass & Manufacturing Co., Ltd., was dissolved by the expiration of its charter in 1925, and that all of the property that was acquired by this defunct corporation some fifteen years ago has long since been disposed of, and, therefore, the defunct corporation owns no property to liquidate.
 

 “(3) While this suit for partition of the community property was pending, appellant’s husband went into the Civil District Court with his two aunts and instituted pretended liquidation proceedings by obtaining ex parte orders appointing appellant’s divorced husband and one of his aunts, Mrs. Emily J. Koretke, as Liquidating Commissioners of the F. H. Koretke Brass & Manufacturing Company, Ltd., which concern was formerly a corporation that dissolved by expiration of its charter some fifteen years ago, and whose business was held and conducted by appellant’s divorced husband for some 10 years prior to that time.
 

 “(4) The purpose of these fictitious liquidation proceedings was to place the principal assets of the community out of the reach of appellant.
 

 “(5) The aunt, Mrs. Emily j. Koretke, who was named as one of the liquidators, had no interest in said business for some ten years or more prior to the institution of the fictitious liquidation proceedings, and, therefore, was a stranger to this community property. Appellant’s petition prayed for:
 

 “(a) An injunction to restrain her divorced husband and his two aunts from disposing of or alienating or intermeddling with the
 
 community property.
 


 “(b) An order vacating and setting aside the ex parte orders illegally obtained in the purported liquidation proceedings.
 

 “The above petition was filed under the same number and title as the purported liquidation proceeding.
 

 “Appellees filed and argued an exception of no cause or right of action, which was maintained and appellant appealed from this judgment.
 

 “(6) The wife’s petition, having alleged that all of the property used in the operation of the business under the assumed name of ‘F. H. Koretke Brass & Manufacturing Company, Ltd.,’
 
 was acquired during her marriage and subsequent to the expiration of the charter,
 
 sets out facts showing that such property is community property, and it follows necessarily that her petition for injunction clearly discloses a cause of action. * * *
 

 “The plaintiff in this case seeks an injunction to protect her share of the community property, which she charges that her divorced husband and his two aunts are attempting to deprive her of by collusion. Without any hearing on the merits of the case, the very persons-against whom plaintiff has made these serious charges have been appointed liquidators of the defunct corporation,
 
 without bond.
 
 Further, the petition sets out that all of the property that was acquired by this defunct corporation prior to its decease some fifteen years ago has long since been disposed of and, therefore, the defunct corporation
 
 *971
 
 owns no property to liquidate. Plaintiff was also entitled to a hearing on this issue on the merits which, appellant complains in her brief, was denied by the lower court.”
 

 As to the procedure in the appointment of a receiver of a defunct corporation, the opinion in this case states: “When application is made for judicial liquidation of the affairs of an already dissolved corporation, the only procedure provided in our law is found in Act 26 of 1900, Sections 1219, 1220 of Dart’s Revised Statutes, which reads as follows:
 

 “ T219.
 
 Defunct corporations
 
 — Appoint
 
 ment of receiver.
 
 — In all cases where any corporation possessed of property rights or credits, has ceased to exist, or its charter has been repealed without providing for the liquidation of its affairs, the district court having jurisdiction of the place where said . corporation was in existence, shall have the right and power on the application of any party in interest, and where no individual is personally interested, and on the application of the attorney general,
 
 to appoint a receiver,
 
 to take charge of the property and effects of said corporation, to collect whatever debts, claims or rights it may have, and to pay the debts of said corporation and finally liquidate the same.’
 

 “ ‘1220.
 
 Bond of receiver.
 
 — Said
 
 receiver shall give bond
 
 in such sum as the judge may fix, and he shall administer the affairs of said corporation, as promptly as possible.’ (Italics ours.)
 

 .
 
 “A bond
 
 was not furnished by these so-called liquidators, as required by Act 26 of 1900.
 

 “Section 8 of Act 159 of 1898, Dart’s Revised Statutes, Section
 
 1216,
 
 reads as follows:
 

 “ '1216.
 
 Receivership order book.
 
 — The clerk of the district court shall keep a book, to be known as the receivership order book, among the records of office, and shall immediately enter notice therein of the filings of every petition, motion, rule or application made in behalf of any person (giving title and number of cause, date of filing, name of petitioner and the object of the petition, etc.), and shall note on said book the time of filing petition, etc., and shall enter at large
 
 therein all orders or decrees made by the court in relation to any receivership.
 



 “ ‘No order shall be granted by the court until ten days after entry of such notice in the order books,
 
 except an order to show cause, or when circumstances in the opinion of the court require otherwise,
 
 and same is so stated in the order or decree.’
 
 (Acts 1898, No. 159, Sec. 8). (Italics ours.)
 

 “Although the ex parte order appointing these so-called liquidators was neither entered in the receivership order book, nor the circumstances excusing such entry stated in the order, it is recited in the order, employing Mr. Elchinger’s counsel as attorney for these so-called liquidators, that the exigencies of the case demand that this last mentioned order be signed immediately and without waiting 10 days after entry in the receivership order book.
 

 “These ex parte orders should-not have been signed until ten (10) days after the
 
 *973
 
 entry in the receivership order hook, nor was bond given by the so-called liquidators, as required by Section 1220, Dart’s Gen.St., section 2 of Act 26 of 1900, relating to the appointment of a receiver for a defunct corporation. These ex parte orders are therefore clearly illegal and invalid.
 

 “(9) In our opinion, plaintiff, appellant, has set forth in her petition a cause of action as to her right to injunctive relief in this case, as well as to her right to have the ex parte orders appointing the so-called liquidators vacated and set aside.
 

 “(10) Plaintiff has a clear right to have this case remanded and tried upon the merits, as requested by plaintiff. On the trial of the exceptions, only documentary evidence was introduced in connection with the exceptions. No witnesses were examined on the merits, and the case was taken under advisement by the trial judge, only on the exceptions. At the conclusion of his written opinion, it is stated by the trial judge: ‘There will be judgment in conformity with these reasons,
 
 the • effect of which is to maintain the exception of no cause or right of action.’
 
 (Italics ours.) Tr., p. 88.
 

 “See also Transcript, pages 95 to 99.
 

 “In our opinion the judgment maintaining the exception of no cause or right of action is erroneous.
 

 “For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be annulled and reversed.
 

 “It is now ordered that the case be remanded to the Civil District Court for the Parish of.Orleans, Division ‘C,’ Docket 5, to be tried upon the merits, and also upon plaintiff’s demand for a preliminary and for a permanent injunction, prohibiting Charles F. Elchinger, her former husband, and Mrs. Emily J. Elchinger Koretke and Mrs. Henrietta Elchinger Foster, his aunts, from selling, alienating, mortgaging, hypothecating or disposing of in any manner the property belonging to the community of acquets and gains heretofore existing between plaintiff and her former husband, Charles F. Elchinger, standing in the name of ‘F. H. Koretke Brass & Manufacturing Company, Ltd.’
 

 “It is further ordered that appellees pay the costs of this appeal; all other costs to await the final judgment in this case.”
 

 The best evidence as to what the opinion holds is the opinion itself, and not mere critical comments as to its holdings. As shown by the opinion itself, this court distinctly and definitely held that Section 8 of Act No. 159 of 1898,
 
 “An Act To authorise and regulate the practice of appointing receivers of corporations” was applicable to the appointment of a receiver under Act No. 26 of 1900,
 
 authorizing the appointment of a receiver of a defunct corporation, whose charter had expired by limitation.
 

 It is true that Act No. 26 of 1900 does not provide any special procedure for the appointment of a receiver for a defunct corporation. The reason for this is obvious. The Legislature of 1900 was well aware of the passage of Act No. 159 of 1898, a general statute, regulating the
 
 *975
 
 practice' of appointing receivers of corporations and, for this reason, did not deem it necessary to provide dny special procedure for that purpose in Act No. 26 of 1900 itself.
 

 It is alleged in No. 2 of the motion to dismiss the appeal in this case that “Act No. 26 of 1900 contains no specific provision
 
 for appeals
 
 from such judgments so appointing receivers,
 
 it being assumed
 
 that the fact of the expiration of the charter gives to the State or any interested person (such as a creditor or a stockholder)
 
 the incontestable right to apply for, and to the Court the right to make, such appoint
 
 ment,.” (Italics ours.) And in No. 3 of the motion -to dismiss the appeal it is further stated that: “None of the provisions of Act No. 159 of 1898 have been made applicable to proceedings under Act No. 26 of 1900, either by Statute or by the jurisprudence of this State.”
 

 If Act No. 26 of 1900 may be construed as contended for by mover, it would clearly be in violation of both State and Federal Constitutions, in that it would be arbitrary, and discriminatory, and would deny due process of law to every creditor, stockholder, or interested person other than the applicant for appointment for receiver. No one but the applicant would have his day in court. He could adopt, ad libitum, his method of procedure and, when appointed, no appeal could be taken from the judgment. This, indeed, would be Neronian legislation “with a vengeance.”
 

 It is immaterial that Act No. 26 of 1900 makes no specific provision for appeals, since the Legislature, in omitting such provision, clearly intended that appeals under Act No. 26 of 1900 should be governed by Act No. 159, of 1898, the general statute regulating the practice of appointing receivers of corporations.
 

 Section 4 of Act No. 159 of 1898 reads as follows: “Be it further enacted, etc.,
 
 Any person or persons who by affidavit appear to be interested,
 
 in giving bond in a sum to be fixed by the court,
 
 may appeal
 
 in the face of the record from any order appointing, or refusing to appoint a receiver, granting, or refusing to grant an injunction as aforesaid; such an appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the Appellate Court. Any interested party may apply within thirty days after the entry of the order of appointment of a receiver to vacate same on legal or just grounds, and may appeal from an adverse judgment, but such appeal shall not suspend the functions of said receiver in any way. The value of the property confided to the receiver shall determine the jurisdiction of the Appellate Court.” (Italics ours.)
 

 Section 4 of Act No. 159 of 1898 provides that “Any person or persons
 
 who by affidavit appear to be interested"
 
 may ap
 
 *977
 
 peal from the order of appointment. Not only does the decision of this court show an
 
 apparent interest
 
 in appellant, Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, in the community property alleged to have been acquired by him, but also the affidavit of appellant, filed by her to obtain this appeal, recites substantially the decision of this court so holding.
 

 In our opinion, the affidavit for appeal is sufficient to maintain the appeal.
 

 In its decree in this case, this court specifically ordered that the case be remanded and tried
 
 upon its merits,
 
 so as'to determine the final and actual status of the property involved, i. e., whether the property belonged to the defunct corporation, or whether it belonged to the community of acquets and gains alleged to have existed. The judgment in this case is a final judgment of this court, and has been partly executed by the ousting of the so-called-liquidators appointed by the lower court in a purely ex parte proceeding.
 

 It is true that the petition of Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, claiming all of the property on hand as community property, was filed in the liquidation proceedings, but
 
 the final judgment
 
 of this court specifically ordering the case to be tried
 
 on the merits as to the claim of Mrs. Marie Olga Lacroix •was not reversed
 
 by the dismissal of the liquidation proceedings in the lower court by Judge Moise, when the decree of this court was remanded to the lower court for execution.
 
 Her apparent right
 
 to the community property, as declared in the final decision of this court, therefore remains intact and unaffected by the dismissal of the liquidation proceedings, and can be disposed of only on a
 
 trial on the merits,
 
 which has not been had in this case.
 

 Whether or not liquidation proceedings under the charter of this defunct corporation are proper is beside the question, since the appellee alleges that he was duly appointed, bonded and qualified as receiver of the F. H. Koretke Brass & Manufacturing Company, Ltd., under
 
 the provisions of Act No. 26 of 1900,
 
 providing for the appointment of receivers for corporations whose charters have expired by limitation, a.t the instance of the Attorney General or any party in interest. By proceeding under Act No. 26 of 1900 to be appointed receiver, appellee admits that this is the appropriate act, under which the appointment must be made and, in fact, insists
 
 “upon his incontestable right”
 
 to the appointment under that act. (Italics ours.) Besides, Act No. 26 of 1900 is
 
 the only act
 
 passed by the Legislature of this State providing for the appointment of a receiver for a corporation whose charter has expired by limitation. Act No. 26 of 1900 is substantive, and not procedural, legislation. It creates the right in favor of a defunct corporation to have a receiver appointed, but does not prescribe the procedure necessary to effect such appointment. The procedure was left by the Legislature to the provisions of Act No. 159 of 1898, the general statute regulating the practice
 
 *979
 
 for appointment of receivers of corporations in this State.
 

 The motion to dismiss the appeal is overruled.
 

 On The Merits.
 

 The judgment rendered by this court in Re Koretke Brass & Manufacturing Co., Ltd., in Liquidation, No. 35,712 on the docket of this court, was remanded for execution to the Civil District Court for the Parish of Orleans, Division
 
 “C,”
 
 Hon. Harold A. Moise, Judge, who, on the 3rd day of July, 1940, rendered judgment ordering the liquidation proceedings dismissed. This judgment was read and rendered in open court July 3, 1940, but was not read and signed in open court • until July 10, 1940. (Sup. Trans. No. 35,934, pages 1 and 2). On July 3, 1940, the day on which this judgment was read and rendered in open court, the appellee, Charles F. Elchinger, filed an ex parte proceeding in the Civil District Court for the Parish of Orleans, Division “B,” Honorable Nat W. Bond, Judge, to be appointed receiver of the F.' H. Koretke Brass & Manufacturing Co., Ltd., a defunct corporation, under the provisions of Act No. 26 of 1900, providing for the appointment of receivers for ’corporations whose charters have expired by limitation. (See Orig. Trans. No. 35,934, pages 1 to 4). On the same day, July 3, 1940, the appointment for receiver was made. Appellee gave bond and took the o'ath of office. (Orig. Trans., p. 10)
 

 The appellant, Mrs. Marie Olga Lacroix,, divorced wife of Charles F. Elchinger, attacks the appointment of appellee as receiver on the ground that it is undisputed:
 

 (1) That the application for appointment of the receiver was never spread on the receivership order book ;
 

 (2) That the order appointing the receiver was never spread on the receivership order book;
 

 (3) That no facts are stated in the order showing circumstances warranting emergency appointment of a receiver.
 

 The contention of appellee that he was appointed as receiver under Act No. 26 of 1900
 
 (“it being assumed
 
 that the fact of the expiration of the charter
 
 gives to
 
 * * *
 
 any interested person
 
 (such as a creditor or a stockholder)
 
 the incontestable right to apply for, and to the Court the right to make, such appointment,"')
 
 has already been held in this opinion to be utterly fallacious, and therefore does not furnish a legal or sufficient ground for noncompliance by appellee with the provisions of Section 8 of Act No. 159 of 1898, “An Act To authorize and regulate the practice of appointing receivers of corporations.” This court has already held in this opinion that Act 159 of 1898 is applicable to the appointment of a receiver under Act No. 26 of 1900. (Italics ours.)
 

 Section 8 of Act No. 159 of 1898 reads as follows: “The Clerk of the Dis-. trict Court shall keep a book, to be known as the Receivership Order Book, among the records of office, and shall immediately' enter notice therein of the filings of every petition, motion, rule or application made in behalf of any person, (giving title and number of cause, date' of filing, name of petitioner and the object of the peti
 
 *981
 
 tion, etc.,) and shall note on said book the time of filing petition, etc.,
 
 and shall enter at large therein all orders or decrees made by the court in relation to any receivership. No order shall be granted by the court until ten days after entry of such notice in the order books,
 
 except an order to show cause, or when circumstances in the opinion of the court require otherwise,
 
 and same is so stated in the order or decree.”
 
 (Italics ours.)
 

 Neither the application for the appointment of the receiver nor the order appointing the receiver was spread on the receivership order book, and no facts are stated in the order showing circumstances warranting emergency appointment of a receiver. These ex parte orders are therefore clearly illegal and invalid.
 

 It is - therefore ordered, adjudged and decreed that the application for appointment of appellee as receiver and that the order appointing appellee as receiver be, and are hereby declared to be, illegal and invalid, and that the judgment appealed from by appellant be, and is hereby, annulled and reversed.
 

 It is further ordered that the. receivership proceedings herein be dismissed, and that any further proceedings for the appointment of a receiver for said defunct corporation be conducted consistently with the views of the court herein expressed. Appellee is to pay the costs of appeal and all costs of the lower court.