1 So.2d 674

**FOSTER v. F. H. KORETKE BRASS & MFG. CO., LIMITED, et al.**

**No. 36137.**

March 31, 1941.

Weiss & Weiss, of New Orleans, for plaintiff-appellee.

Clay & Kohlman, Raoul Sere, and Cameron C. McCann, all of New Orleans, for opponent-appellant Mrs. Marie Olga Lacroix.

ROGERS, Justice.

Mrs. Henrietta E. B. Foster sued for the appointment of a receiver for the F. H. Koretke Brass & Manufacturing Company, Ltd. On petitioner's allegation that an emergency existed, the Judge of the district court issued an ex parte order appointing Charles F. Elchinger as temporary receiver "to function until the further orders of this Court."

Within ten days after this order was issued, Mrs. Marie Olga Lacroix, divorced wife of Charles F. Elchinger, took an appeal therefrom. Alleging that the order appointing a temporary receiver is an interlocutory order and is not such as to cause appellant irreparable injury, Mrs. Henrietta E. B. Foster, the applicant for the appointment of a receiver, has moved to dismiss the appeal.

The appeal in this case is prosecuted under Section 4 of Act 159 of 1898, regulating the practice of appointing receivers for corporations.

Section 4 of Act 159 of 1898 expressly authorizes a suspensive appeal, by any person who by affidavit may show an interest, from an order appointing or refusing to appoint a receiver.

■ It has been decided several times that an appeal from an order appointing a receiver is governed by section 4 of Act 159 of 1898, and not by the law providing for appeals generally. Motor Sales & Service Co. v. J. D. Kerr Gravel Co., 158 La. 327, 104 So. 61, and cases therein cited.

In disposing of a prior ex parte order appointing a receiver for the same corporation, this Court denied a motion to dismiss the appeal, holding that the appeal was governed by section 4 of Act 159 of 1898. See Elchinger v. F. H. Koretke Brass & Manufacturing Company, La.Sup., 200 So.2d 314.

In the case of Mestier v. Chevallier Co., 51 La.Ann. 142, 24 So. 799, this Court recognized the right of appeal from an interlocutory decree appointing a receiver. The Court, in disposing of the question, stated: "The interlocutory order appointing a receiver in this suit is not, perhaps, injurious per se, and has not wrought the defendant corporation an irreparable injury that is apparent. Non constat, that it may not do so in the future, and that it may do so is sufficient to entitle it to a hearing on appeal (C.P. art. 566)." The Court cited a number of authorities in support of its statement.

■ The question of whether the Court has inherent power to appoint a receiver by an ex parte order designating the appointee as a temporary receiver is a question to be determined on the merits of this appeal and not on the motion to dismiss.

The cases cited by the appellee in support of her motion to dismiss the appeal arose prior to the adoption of Act 159 of 1898, and, therefore, are, in our view, not pertinent to the question arising under the motion.

The affidavit attached to the appeal discloses that the appellant has an interest in the subject matter of the litigation and that the value of the property involved is in excess of $2,000. This constitutes a prima facie showing sufficient to give this Court jurisdiction of this appeal. A. Weinfield, Inc. v. Fred S. Kaufman, Inc., 175 La. 321, 143 So. 277.

For the reasons assigned, the motion to dismiss the appeal is denied.

O'NIELL, C. J., and LAND, J., absent.