**3 So.2d 668**

**FOSTER v. F. H. KORETKE BRASS & MFG. CO., LIMITED, et al.**

**No. 36137.**

June 30, 1941.

Rehearing Denied July 18, 1941.

Weiss & Weiss, of New Orleans, for plaintiff-appellee.

Raoul Sere and Cameron C. McCann, both of New Orleans, for defendant-appellant.

ROGERS, Justice.

This is an appeal from an ex parte order appointing a temporary receiver for the F. H. Koretke Brass & Manufacturing Company, Limited. The appeal is by Mrs. Marie Olga Lacroix, divorced wife of Charles L. Elchinger, alleging that she has an interest, as shown by her affidavit, and that she is aggrieved by the judgment. A motion to dismiss the appeal was denied. Foster v. F. H. Koretke Brass & Manufacturing Co., Ltd., 197 La. 401, 1 So.2d 674.

The order appointing the temporary receiver was obtained upon the petition of Mrs. Henrietta E. B. Foster, praying that Mrs. Marie Lacroix Elchinger and certain other persons show cause on a fixed date why a permanent receiver should not be appointed for the Koretke Company. The record consists of the original petition and a supplemental petition, with supporting affidavits; orders directing that the application be spread upon the Receiver's Order Book according to law and that the corporation and other persons, including Mrs. Marie Lacroix Elchinger, show cause why

a permanent receiver should not be appointed for the Koretke Company; the oath, bond, and letters of the temporary receiver; the motion for an appeal and·bond by Mrs. Marie Olga Lacroix Elchinger; and her affidavit filed in support of the appeal.

The allegations of the petition of Mrs. Henrietta E. B. Foster, briefly stated, are as follows: The F. H. Koretke Brass & Manufacturing Company, Limited, was incorporated on October 17, 1900, for a period of twenty-five years. At the time of its incorporation, the principal stock of the corporation was owned by F. H. Koretke, who .had operated the business prior to its incorporation, and he continued as its president and general manager until he died in 1918. After the death of F. H. Koretke, the shares of stock owned by him were inherited by his widow, Mrs. Emily J. Koretke, who continued to operate the business of the corporation with the assistance of her sister, Mrs. Foster, who was the bookkeeper and also secretary of the corporation. Previous to and at the time of the death of F. H. Koretke, Charles F. Elchinger, a nephew of Mrs. Koretke, was an employee of the corporation. In order to interest Elchinger in the business, Mrs. Koretke transferred to him, during 1925, fifteen shares of stock, in addition to the two shares owned by him. At the same time, Mrs. Koretke transferred to her sister, Mrs. Foster, five shares, in addition to the two shares of the corporation which she owned. Elchinger eventually became the manager of the corporation, the business of which was conducted in a building

owned by Koretke, prior to his death, and by Mrs. Koretke, after his death.

The charter of the corporation expired by limitation on October 17, 1925. This was overlooked by Mrs. Koretke, Elchinger, and Mrs. Foster, who continued to operate the business in its corporate form. On June 10, 1929, Elchinger entered into a contract by notarial act to purchase the 176 shares of stock then owned by Mrs. Koretke for $13,000, of which $3,000 was paid in cash and the balance of the purchase price was represented by five promissory notes maturing annually and secured by pledge of the shares of ·stock sold and of the shares of stock which Elchinger then owned. The concern continued to operate thereafter without change and uninterruptedly.

The expiration of the charter in 1925, the continued operation of the business as a corporation thereafter, and the contract for the sale of the shares of stock owned by Mrs. Koretke has involved legal questions concerning the assets and liabilities of the business, the rights of the former stockholders, both before and after the expiration of the charter, as well as the rights of creditors.

Charles F. Elchinger procured a divorce on October 3, 1939, from his former wife, Marie Olga Lacroix, who is asserting an interest in a part of the assets of the business. The interests of the stockholders, the owners of the assets of the business, the claims of creditors, including Mrs. Marie Lacroix Elchinger, require a judicial determination and ·the rights of all par-

ties demand that the administration of the business and assets of the Koretke Company should be properly handled in a judicial proceeding, subject to the orders of the court, where the interests of all parties can be properly protected. The business is a substantial one and has been in continuous operation and any interruption thereof by suits, seizures, or other process would be detrimental to the rights of all interested persons.

The petition alleges that the proper method of administration for the benefit of all concerned is by the appointment of a receiver, duly qualified and bonded, whose duty it will be to administer the assets, pay such debts as will be properly liquidated, and conserve the interests and welfare of all persons holding or asserting claims of any character against the business and its assets. Petitioner suggests that Charles F. Elchinger, who has been managing the business honestly and competently and who has a considerable investment therein and who is well regarded in business and banking circles, would be a proper person to be appointed receiver. Petitioner shows that the cessation of the business, especially at the present time, in view of the National Defense Program, some of which work it is executing, would be prejudicial and injurious to all concerned and would expose the business and assets to deprivation and loss.

Accordingly, petitioner suggests that "a temporary receiver should be appointed herein, under bond, forthwith to conserve and administer the assets of said business and owned by or standing in the name of F. H. Koretke Brass & Manufacturing Company, Ltd., pending a hearing by the Court and the action of the Court upon this application for the appointment of a permanent receiver; that, accordingly, an emergency exists, justifying this Honorable Court in appointing such temporary receiver and dispensing with notice or spreading upon the Receiver's Order Book of the application for a Temporary Receiver if either be otherwise required by law."

Plaintiff alleges that Marie Olga Lacroix, divorced wife of Charles F. Elchinger, is claiming an interest in the assets of the business and that without admitting the validity of her claim, because it is beyond the power of plaintiff to pass thereon, a copy of the application for the appointment of a receiver should be served upon her.

The prayer of the petition is in accordance with its allegations.

It appearing to the trial judge that an emergency existed, he issued an order appointing Charles F. Elchinger as temporary receiver, "to function until the further orders of this Court and especially until the appointment of a permanent receiver herein, or the action of the court upon the application therefor." The court also issued an order directed to Elchinger, Mrs. Koretke, and to Marie Lacroix Elchinger to show cause why a permanent receiver should not be appointed to take charge of and administer the assets, property, and affairs of the F. H. Koretke Brass & Manufacturing Company, Limited, or standing

in the name of F. H. Koretke Brass & Manufacturing Company, Limited.

The affidavit, on which the appeal of Mrs. Marie Lacroix Elchinger from the order appointing the temporary receiver is based, contains a number of allegations which are in many respects irrelevant to the issue presently before this Court.

As shown by her affidavit, appellant's complaints of the appointment of the temporary receiver without notice to her are: that the order for the appointment was not placed on the Receiver's Order Book for ten days before it was signed; that the order names a temporary receiver of a defunct corporation and a quasi partnership,—two distinct estates with opposing interests; that the application for the appointment of a receiver for the defunct corporation fails to state a cause or right of action; that so far as the plaintiff seeks the appointment of a receiver for the quasi partnership, she not only fails to set forth a cause of action, but negatives the need for such a receiver; that the order appointing a temporary receiver for the quasi partnership is invalid, because it attempts to accomplish by a summary proceeding that which can only be accomplished by a direct action; that, assuming the petition sets forth a cause of action, no proof was offered in the trial court of the facts alleged in the petition; that the proceedings are in violation of the mandate of this Court "ordering that there be a trial on the merits as to the claim of Marie Olga Lacroix," before any further attempt should be made to have receivers appointed. In re F. H. Koretke Brass & Mfg. Co.,

Ltd., 195 La. 415, 196 So. 917; Elchinger v. F. H. Koretke Brass & Mfg. Co., 196 La. 962, 200 So. 314.

From the foregoing summary of appellant's complaints relative to the appointment of a temporary receiver, it is clear that in the main they are such complaints as can be heard and determined only on the trial of the rule to show cause why a permanent receiver should not be appointed. The only complaints that can be considered on this appeal are those which allege that the appointment of a temporary receiver is not authorized by law and, in addition, question the right of the trial judge to make such an appointment ex parte and without requiring that the application therefor be placed upon the Receivership Order Book and that the order was issued without proof of the facts alleged.

In 1898 the Legislature adopted Act 159, authorizing and regulating the practice of appointing receivers of corporations. Under the provisions of that act and those of its amendments and of acts in pari materia, one of which is Act 26 of 1900 relative to defunct corporations, the appointment of receivers is purely statutory. However, prior to the adoption of Act 159 of 1898, the appointment of receivers in proper cases was made by the courts in the exercise of their equitable and inherent powers, the relief by way of receivership being equitable in its nature and being controlled by and administered upon equitable principles. Brown v. Union Insurance Co., 3 La.Ann. 177; Stark v. Burke, 5 La.Ann.

740; In the Matter of Mechanics' Society, 31 La.Ann. 627.

As pointed out in Posey v. Fargo, 187 La. 122, 174 So. 175, which was a proceeding for the appointment of a receiver for a partnership, this Court, in the case of In re Moss Cigar Company, 50 La.Ann. 789, 23 So. 544, 546, decided prior to the adoption of Act 159 of 1898, stated: "Our courts, without any direct statutory provision on the subject, have, in aid of their jurisdiction, and as warranted by the exigencies of cases, adopted and established the practice of appointing receivers."

■ Act 159 of 1898 and the subsequent statutes, by their terms, relate to receivers that are appointed contradictorily with the interested parties; in other words, to permanent receivers. There is nothing in the statutes which forbids the appointment by the court of a temporary or interim receiver, if the circumstances require such appointment.

■■ A temporary or interim receiver of a corporation means a receiver appointed either temporarily or until a permanent receiver is appointed, or sometimes until the facts justifying parties to have a receiver appointed can be more thoroughly ascertained and determined. Clark on Receivers, Vol. 2, sec. 718, pp. 1075 and 1076.

A permanent receiver of a corporation is a receiver appointed in the absence of a temporary receiver or a receiver following a temporary receivership. Clark on Receivers, sec. 719, p. 1076.

A temporary receiver is often appointed upon the filing of a petition under the general equity powers of the Court in order to preserve the assets of a corporation for the benefit of all interested parties pending the result of the litigation. 53 C.J., Receivers, §§ 1 and 3.

■ If, prior to the adoption of Act 159 of 1898, our courts, without any direct statutory authority on the subject, adopted and established the practice of appointing receivers in proper cases, the reason is manifest why the court with less reluctance should appoint a temporary receiver where the exigencies of the case might require it, there being no statutory inhibition against such appointment. Such appointment may be made in the original or in a separate petition showing urgent necessity and supported by the necessary allegations of fact. The allegations of fact contained in the petition in this case, which are verified by plaintiff's affidavit, appear to be a sufficient justification for the appointment of a temporary receiver which, as the name implies, necessarily should be made promptly, without notice and without being placed upon the Receivership Order Book, pending the hearing to show cause why a permanent receiver should not be appointed.

■ The order appointing the temporary receiver merely maintains the status quo of the Koretke Company and its purpose is to prevent rather than to cause injury to the rights of all concerned. The property in the hands of the temporary receiver is property in the custody of the court. The receiver is but the agent through whom the Court, for greater facility, is acting to preserve the assets of the concern until a hearing can be had

on the application for the appointment of a permanent receiver. In appointing the temporary receiver, the judge of the district court properly left the management and control of the business in the hands of its principal owner and presumably efficient manager instead of placing it in the hands of an outsider of less experience in the business and possibly less aptitude for its management.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., dissents on the ground that all receivers are, essentially, only temporary officers of the court, and that there is no warrant for departing from the requirements of the statute, Act No. 159 of 1898, by calling the receiver a temporary receiver. The citation of Clark on Receivers, Vol. 2, Sections 718, 719, pp. 1075, 1076, is applicable only to the appointment of receivers under the laws of certain other States and is not applicable to the appointment of a receiver under the provisions of the Louisiana statute on the subject, Act No. 159 of 1898.