FOURNET, Chief Justice.
This is an appeal by Onesime Faciané from a judgment of the lower court ordering him to specifically perform his contract to purchase a tract of 1405.78 acres in St. Tammany Parish, bid in by him at public auction invoked by L. V. Cooley, Jr., as the receiver of the Bonfouca Hunting Club.
According to the facts revealed by the record it appears that about the year 1883 some 141 persons, each contributing amounts ranging from 50(1 to $10, purchased from the State of Louisiana swamp land that was to be used by them for fishing and hunting purposes, forming what is known as the Bonfouca Hunting Club, in which name title to the property stands. There are now no available records disclosing whether this club is a partnership, association, or corporation, and there are no records showing the appointment of officers charged with managing its affairs. Few, if any, formal meetings were held, but it appears that early in the club’s existence John Faciane became its manager, a position he continued to hold for many years, leasing trapping rights, collecting *835 rents, and paying taxes to prevent its seizure and sale. In 1928 an effort was made to judicially partition the property, the pleadings in that case disclosing the persons’ then purportedly having fractional interests in the club, either on the basis of original contributions or through • inheritance or purchase from those who were among this number, were so numerous and uncertain it made such a procedure impossible.
In 1935 Lazard J. Levy, holding large interests through inheritance and purchase and alleging there were then over 600 owners of the club, many unknown, petitioned the court for the appointment of a receiver to wind up and liquidate its affairs on the ground that their rights were being jeopardized by the mismanagement of Faciane, who, acting without the scope’ of his authority, was actually operating the club for profit/ Faciane, the only person known to be in charge of the club’s affairs, in response to an order to show cause why a receiver should not be appointed, denied any mismanagement on his part, but agreed these interests were in jeopardy because of the inattention, lack of interest, and inability of those having interests to agree on ■ any policy for the club’s proper functioning, averring further that because of his age’ (then 82 years) he was no longer able to manage the club. Since that time the club has been in the hands of L. V. Cooley, Jr., the receiver appointed by the court to administer its affairs “in such manner as the court shall direct.”
Desiring to wind up the receivership in 1951, Cooley had the acreage appraised under court supervision and secured judicial authorization for its sale at public auction by -the sheriff, after due advertisement for 30 days, for a price not less than $32,-801.53, being two-thirds of the appraised value of $49,202.30. Onesime Faciane bid the property in for $48,000, making the required deposit of 10%, but he refused to take title when it was tendered and demanded the return of his deposit. This, suit followed.
The defendant’s position is that the receiver cannot deliver to him a good, commercial, and merchantable title, because the court was without statutory authority to (1) appoint a receiver to handle the affairs of this voluntary association, (2) even if legally appointed, the sale was invalid since the club was not insolvent and LSA-R.S. 12:761 authorizes receivership sales only when “there is no reasonable ground to believe that the property of the corporation can be administered so as to pay its debts,” and (3) under the holding in the case of Rock Zion Baptist Church v. Johnson, La. App., 47 So.2d 397, the realty belonging to this unincorporated association can only be sold pursuant to a resolution adopted by the membership of such association, or by an act of sale signed by each and every member thereof. (Italics ours.)
*837 There is apparently no statutory provision for the appointment of receivers of voluntary associations that are classed as neither corporations nor partnerships. However, such appointments are not prohibited by any positive law and the courts may, in the exercise of their inherent equitable power, make such appointments where the exigencies of the case require it. See, In re Moss Cigar Co., 50 La.Ann. 789, 23 So. 544; In re Mitchell-Borne Construction Co., 134 La. 518, 64 So. 397; Foster v. F. H. Koretke Brass & Mfg. Co., 198 La. 402, 3 So.2d 668; and Posey v. Fargo, 187 La. 122, 174 So. 175. Additionally, the appointment of such receivers, whether erroneous or not, cannot be questioned in a collateral proceeding. Haynes v. Carter, 9 La.Ann. 265; Case v. Marchand, 23 La.Ann. 60; and Posey v. Fargo, supra. Actually, proceedings were instituted to have the appointment of Cooley as receiver of the club rescinded and this was denied by the lower court. No appeal was ever taken from that judgment. Cooley has, during the intervening 18 years, acted as the receiver of this club. He has managed its affairs in a manner most beneficial to all concerned, enhancing the value of the rights of all who have any interest therein. All actions taken by him have been under supervision of the court and in accordance with authorizations duly secured in proper court procedure.
The provisions of the Revised Statutes governing the sale of corporate property are not controlling since the club is not a corporation, and our jurisprudence, United Brotherhood of Carpenters & Joiners of America, Local No. 1846 v. Stephens Broadcasting Co., 214 La. 928, 39 So.2d 422; Rock Zion Baptist Church v. Johnson, supra, to the effect that real estate belonging to an unincorporated association must be disposed of pursuant to a resolution duly adopted by the entire membership in accordance with its constitution and by-laws has no application where there is neither a constitution, by-laws, or officers, and whose members are, for the most part, unknown. Under such circumstances, it would be impossible to secure the signature of all members for its valid conveyance, or to secure a resolution of the membership authorizing such a sale.
We therefore conclude it was not only desirable but necessary that this receivership, in existence over 18 years, should be wound up, and to that end it was the duty of the court under its equity jurisdiction to authorize the sale of this property. See, 75 C.J.S., Receivers, § 221, page 856; 53 C.J. 203, § 314; 45 Am.Jur. 302, §§ 385, 391; and State ex rel. Robertson v. Bank of Bristol, 165 Tenn. 354, 54 S.W.2d 967.
For the reasons assigned, the judgment is affirmed.